[No. 8255. Department One.—July 30, 1885.]

## PAULINA WEIHE ET AL., APPELLANTS, v. A. H. STATHAM ET AL., RESPONDENTS.

ESTATE OF DECEDENT—FRAUDULENT SALE OF LAND BY EXECUTOR.—Under section 1572 of the Code of Civil Procedure, one having an estate of inheritance in land fraudulently sold by an executor or administrator, may maintain an action against him to recover double the value of the land sold; but that section does not authorize an action against the sureties on his official bond.

ID.—NEGLECT OF EXECUTOR IN RELATION TO SALE—ACTION TO RECOVER FOR—ACTUAL DAMAGE—PLEADINGS.—In an action under section 1571 of the Code of Civil Procedure, to recover on the bond of an executor or administrator, for his neglect or misconduct in the proceedings in relation to a sale of the real estate of the deceased, the complaint must show that the plaintiff has been actually damaged by the sale; and where the complaint contains no averments with respect to any proceedings in the Probate Court subsequent to the confirmation of the sale, and affirmatively shows that the land was sold for its full value, no damage is alleged, and the plaintiff will be left to his remedy in the Probate Court.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion of the court.

*H. S. Dixon*, for Appellants.

*Bennett & Wigginton*, and *Sayle & Harris*, for Respondents.

Ross, J.—The complaint, a demurrer to which was sustained by the court below, alleges, among other things, the decease of Wm. W. Hill, the appointment of an administratrix of his estate, the statutory publication of notice to creditors, the expiration of the statutory time for the presentation of claims against the estate, the payment of all claims against it "except for some inconsiderable sums which may have been due for expenses of administration," the then marriage of the administratrix, which operated a revocation of her letters, the subsequent appointment of the defendant Statham as administrator, the execution of his bond as such administrator with the defendants Morrow, Sutherland, and Morgan, as sureties thereon, the qualification of the administrator, his subsequent entry upon the duties of the trust, and his receipt of real and personal property of the estate of large value, and then charges in substance that defendant Statham did "fraudulently sell all the real property of the decedent," in

that he did on the 9th of May, 1877, enter into a fraudulent scheme and conspiracy with certain named persons, including two of the sureties on his bond as administrator, whereby those persons, through three of their number, should make, swear to, and present to Statham for allowance as administrator, a pretended claim against the estate in the sum of $40,627.27, in which Statham was interested to the extent of $5,000, and whereby Statham as administrator should allow the claim in the full amount for the joint benefit of the parties interested, and that by representing to the probate judge by affidavits that the amount of the claim was justly due to the claimants, procured the approval thereof by the probate judge; that pursuant to such fraudulent scheme the claim was presented to and allowed by the administrator Statham, he then "well knowing that the same and the whole thereof was then and long prior thereto had been barred by the Statutes of Limitation in such case made and provided," and also by the judge of probate; that in further pursuance of the alleged fraudulent scheme, "and finding that proceedings previously taken by him in said Probate Court for, and sales by him previously made to C. G. Sayle and William Glenn of all of the real property of said estate for the purposes aforesaid, were not legal and passed no title to said Parcel No. 1 (of land) especially to said agents and attorneys, who then attempted to hold such title for and on his behalf, and for said other pretended claimants," the defendant Statham as administrator subsequently presented to the Probate Court having jurisdiction of the estate, a petition praying for an order of sale of the real property of the estate for the purpose of paying the debts of the estate and the costs and expenses of administration, and that such proceedings were had thereon as that on the 25th of February, 1878, the Probate Court made an order authorizing defendant Statham to sell the real property of the estate for the purposes stated in the petition for sale; that the proceedings in relation to such sales were in accordance with the provisions of the statute regulating such matters in so far as mere procedure was concerned, but that, as a matter of fact, there were at the time of the presentation of the petition and at the time of the making of the order of sale, no valid debts or claims against the estate except for expenses of administration, and that the

amount of those were exaggerated in the petition; that at the time of making the order for the sale of the real property of the estate, the probate judge required the defendant Statham as administrator to execute an additional bond for the faithful discharge of the duties of his trust, which he did with the defendants Morrow, Faymonville, Esery, and Goforth, as his sureties thereon; that under the order of sale and in further pursuance of the fraudulent scheme, defendant Statham, as adminsitrator, "did, prior to the 22d day of March, 1878, receive a bid from said Glenn, which bid, save so far as said parcel No. 2 is concerned was, as said defendant Statham then well knew, so made in the interest alone of himself and said other pretended claimants, and in order to protect their title thereto then held for them including himself, said Statham, by their said agents and attorneys, for the whole of said real property for and in the sum of $5,068 for said parcel No. 1, and $1,880 for said parcel No. 2; and did, qn said 22d day of March, 1878, make and file his return of such sales to said Probate Court, upon which he caused to be had such legal and proper proceedings that thereafter, on the 4th day of April, 1878, he did, for the purposes and in behalf of the persons aforesaid, including himself, procure from said Probate Court an order that day duly made and entered, confirming said sales, and directing him as such administrator to convey said lands to said Glenn, whereupon on the same day he did as such administrator execute, acknowledge, and deliver to said Glenn a conveyance of all said lands, who upon the same day did execute, acknowledge, and deliver to said agents and attorneys, for said pretended claimants, all the lands described in said parcel No. 1, and also gave his note for $1,880, the purchase money for said parcel No. 2, and his mortgage on the lands described in said parcel No. 2, to said Statham as such administrator, who thereupon applied the same to said pretended claim"; that the real property so sold was, at the time of sale, ever since has been and now is of the value of $6,984, the amount for which it was sold, as we understand the averment of the complaint. The complaint contains the further averment "that all said real property has passed into the hands of innocent purchasers, for value, without notice of said frauds"; that the averments hereinbefore referred to with respect to the fraudu-

lent practices, as to the party verifying the complaint, are made on information and belief; that the facts constituting the alleged frauds did not come to the knowledge of the plaintiffs until March 14, 1881, and "that by said unlawful and fraudulent sales of said real property, plaintiffs are and have been damaged in a large sum of money, to wit, $13,896," being double the amount of the alleged value thereof, the action being based, as said by plaintiff's counsel, upon section 1572 of the Code of Civil Procedure, which reads: "Any executor or administrator who fraudulently sells any real estate of a decedent contrary to or otherwise than under the provisions of this chapter, is liable in double the value of the land sold, as liquidated damages, to be recovered in an action by the person having an estate of inheritance therein."

Counsel is mistaken in supposing that this section authorizes the recovery upon the *bond* of the administrator. The preceding one (§ 1571) provides for an action upon the bond in case of neglect or misconduct in the proceedings of the executor in relation to any sale. It reads: "If there is any neglect or misconduct in the proceedings of the executor in relation to any sale, by which any person interested in the estate suffers any damage, the party aggrieved may recover the same in an action upon the bond of the executor or administrator, or otherwise." And this is followed by the provisions of section 1572 which make the *executor* or *administrator*, as the case may be, who fraudulently sells any real estate of a decedent, but not the sureties, liable in double the value of the land sold, as liquidated damages, to be recovered in an action by the person having an estate of inheritance therein. It is evident, therefore, that section 1572 of the Code of Civil Procedure affords no warrant for an action upon the bond of the administrator for the recovery of double the value of the land alleged to have been fraudulently sold by the administrator. Nor does the complaint in question contain sufficient averments to entitle the plaintiffs to recover under the provisions of section 1571, *supra*. The right there given (upon the bond) is to any person interested in the estate who *suffers damage*. The complaint contains no averment with respect to any proceedings in the Probate Court having jurisdiction of the estate of the deceased Hill subsequent

to the confirmation of the sale of the land, but does show affirmatively that the land was sold for its full value, to wit, $6,948.  Presumptively, of course, the Probate Court has required, or will require, the administrator to make proper disposition of the money.  If it properly belongs to the plaintiffs in the present suit it will doubtless go to them under the decree of the Probate Court.  If, under the decree of distribution, they should be awarded the money realized on the sale of the land, shown by the complaint in the present action to have been its true value, they would not be pecuniarily damaged by the alleged misconduct of the administrator, and cannot recover the same amount in another and independent action.  In so far as the complaint here shows the remedy of the plaintiffs is in the Probate Court.

Judgment affirmed.

McKinstry, J., and McKee, J., concurred.