[Civ. No. 2703. Fourth Dist.—June 18, 1941.]

JEAN HOCHWENDER, as Administratrix With the Will Annexed, etc., Appellant, v. DALLAS L. CARTER et al., Defendants; AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Respondent.

Clifford C. Pease and Edward J. Schwartz for Appellant.

Pfanstiel & Fox for Respondent.

BARNARD, P. J.—This action was brought pursuant to section 612 of the Probate Code against a prior executor and his bondsman to recover an amount embezzled and fraudulently retained by the former executor, together with the additional amount arising from the doubling provision of that section.

In its decree settling the final account of the prior executor the probate court determined that he was chargeable with $8,069.45, and further found that he had appropriated to his own personal use moneys of the estate to the amount

of $2,525.38. The latter amount was included in the $8,069.45 with which he was charged, but there was no order or decree charging him with an additional $2,525.38 under the doubling provision of section 612.

This action was begun after the entry of the decree settling the final account in the probate court. A first cause of action sought to recover the amount with which he was charged in the decree settling his final account. That amount was paid and we are not here concerned with the first cause of action.

The second cause of action sought to recover an additional $2,525.38 under the doubling provision of section 612. A demurrer to that cause of action, filed by the prior executor's surety, was sustained and the plaintiff has appealed from the judgment of dismissal as to the surety, upon that cause of action.

Three questions are here presented. The first is whether section 612 of the Probate Code was intended to apply to executors and administrators, that is, whether the double liability provided for therein was intended to be imposed upon an executor. This question seems not to have been directly decided on any appeal in this state. However, see *Hill* v. *Superior Court*, 16 Cal. (2d) 527 [106 Pac. (2d) 399], and *Turney* v. *Shattuck*, 96 Cal. App. 590 [274 Pac. 442]. Assuming that section 612 does impose such a liability, a second question is whether the entry of a decree of a probate court settling the final account of an executor and determining the amount with which he is to be charged, including an amount which he has embezzled but not doubling the embezzled portion, is conclusive in an action of this nature which is subsequently brought. In other words, the question is whether the imposition of the penalty by the fixing of the amount thereof, as distinguished from the procedure to enforce collection, is exclusively within the jurisdiction of the probate court. The third question is whether, in any event, a surety on an executor's bond is liable for the increased amount represented by the doubling provision of section 612. In our opinion, this last question must be answered in the negative, and it is unnecessary to consider the other questions presented.

 Under section 541 of the Probate Code the bond of an executor is conditioned upon his faithfully executing the

duties of his trust according to law. An executor's bond would undoubtedly cover anything he embezzles from the estate and the surety would be liable for its return. This is true under the provisions of the Probate Code and such a situation would come within the terms of the bond, but if there is any further liability in such a connection it must be set forth or included in some statute or other law. Aside from liability arising under general provisions the probate code specifically makes a surety liable in certain instances. Thus the surety is liable under section 610 for injury resulting from his failure to file an inventory; under 955 to creditors for damage arising from the failure to give notice to creditors; and under section 759 for actual damages caused by any neglect or misconduct in connection with the sale of property.

There are only two sections in the Probate Code imposing a double liability. One of these is section 792, relating to the fraudulent sale of real property. This imposes a liability upon the executor for double the value of the land sold, as liquidated damages. While section 759 also makes the surety liable for actual damages caused by neglect or misconduct on the part of the executor in making a sale of property, section 792, relating to the fraudulent sale of property, imposes a liability upon the executor only, without specifically including his surety. In *Weihe* v. *Statham*, 67 Cal. 245 [7 Pac. 673], this distinction was pointed out and it was held that this double liability for a fraudulent sale was not imposed on the bondsman.

The other section imposing a double liability is section 612, with which we are directly concerned. It is not referred to as liquidated damages and is not conditioned on the amount of any damage, and apparently it is in the nature of a statutory penalty for embezzlement which is really an aggravated form of fraud. Like the other section involving fraud, section 792, liability is not specifically imposed on the surety by the terms of section 612. The fact that liability is not specifically imposed on the surety in these fraud sections, while it is specifically so imposed in other sections involving neglect or misconduct, indicates that it was not intended to apply this liability to the bondsman of an embezzling executor. A very real distinction appears in that in every section of the Probate Code involving actual damages caused by the

act of an executor, liability is imposed also upon his surety, while in both cases imposing double liability on account of the fraudulent act of an executor the liability is not by the terms of the statute extended to the surety.

Not only does this appear to be the intention of the legislature as expressed in these statutes, but there are good reasons why this should have been done. The bond being conditioned that the executor will faithfully execute his trust, it is logical and reasonable to impose liability upon the surety for his accounting for what came into his hands, to secure the return of any assets of the estate which he takes or conceals, and for any actual damage caused by his neglect or his misconduct. But something going beyond this, imposing double liability, is in the nature of a penalty imposed upon the wrongdoer as a punishment for his act, and possibly as a warning to others, whether it is called a penalty or liquidated damages. Such double liability has only been imposed in those cases involving actual fraud as distinguished from neglect or misconduct. While such a punishment may well be imposed on the guilty party it would hardly be logical to also impose it upon his bondsman who is not at fault, who is himself a victim of the same fraud, and who is already obligated to return the amount wrongfully taken. Such a double liability imposed by way of a punishment on the guilty party is not directly "nominated in the bond", and should not be added thereto in the absence of a specific statutory requirement.

Every executor is chargeable with all of the assets of the estate which come into his hands, under section 920 and irrespective of section 612. The further liability imposed by section 612 is added by way of punishment and that section specifically covers and is made applicable to any and all persons who embezzle property belonging to an estate. It was not designed particularly to cover executors, and perhaps more often than otherwise other persons would be involved where that section is to be applied. If we assume, however, that the language used is broad enough to include executors, where they have embezzled from such estates, it would be unreasonable to assume that it was intended also to apply to the surety on their bonds, merely because that one class of persons happen to have furnished a bond. So far as section 612 is concerned an executor, if included within its

provisions, is in the same position as, and should be treated like, any other person to whom the section applies. That is, it should be held that the penalty is personal to the guilty party and the section should not be held applicable to his surety in the absence of statutory intention so to do.

For the reasons given the respondent's demurrer to the second cause of action was properly sustained, and the judgment is affirmed.

Marks, J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 14, 1941.