[Civ. No. 11902.   First Dist., Div. One.   Jan. 5, 1942.]

ANNE DOUGLAS, Respondent, v. THE STATE OF CALIFORNIA, Appellant.

James W. Hickey, Inheritance Tax Attorney, and Donald R. Peck and Walter H. Miller, Assistants Inheritance Tax Attorney, for Appellant.

Nourse & Jones for Respondent.

KNIGHT, J.—Plaintiff brought this action to recover gift taxes paid the state controller under protest in the sum of

$3,041.72. The state's general demurrer to the complaint was overruled. The court thereafter granted the state's motion to reconsider its ruling, but on reconsideration upheld its order. Upon the state's failure to answer, a default was entered and judgment rendered for plaintiff in the amount prayed for.

It appears from the complaint that on November 9, 1939, plaintiff transferred property of the approximate value of $169,585.31 to the Security National Bank of Pasadena, in trust to pay the income to her for life, with the provision that if the income should be insufficient to pay her $300 a month, the deficiency should be made up from principal. The trust was created after the effective date of the gift tax act and was expressly provided to be irrevocable. Upon the death of the trustor, undistributed income and principal were to be paid to Eric A. Douglas, brother of the trustor, if then living. If the brother predeceased the trustor the trust was to continue after the death of the trustor for the purpose of paying income to her two nephews, or their issue, until one of the nephews should reach the age of forty years, at which time the trust was to terminate and the trust property was to be distributed equally between the two nephews, the issue of any deceased nephew taking by representation.

The declaration of trust further provided that on the decease of the trustor the trustee, in its discretion, might pay out of principal any part or all of trustor's expenses for last illness and burial, federal estate tax, state inheritance tax, costs and attorneys' fees. The trust contained a spendthrift provision to the effect that the interest of beneficiaries in principal or income should not be subject to claims of their creditors or others, nor to legal process, and that it should not be voluntarily or involuntarily alienated or encumbered.

The complaint alleges that the tax to recover which this suit is brought was levied on the ''alleged gift to Eric A. Douglas of the residue of the corpus of the trust.'' Plaintiff contends that since the interest of her brother is contingent on his surviving her, and on the principal not being consumed in payments to her during her lifetime and payments of expenses on her death, there is no taxable gift to him within the meaning of the Gift Tax Act.

The Gift Tax Act was enacted in this state in 1939. (Stats. 1939, chap. 652; Deering's Gen. Laws, 1939 Supp., Act 8495c.) Its purpose appears to be the same as that of the federal gift

tax—to supplement the income and inheritance tax by reaching transactions which would otherwise escape taxation.

In important particulars our state act is modeled after the federal gift tax, first enacted in 1924, repealed as of January 1, 1926, and enacted again in 1932. (1924: 26 U. S. C. A., 1924 to date, p. 79, secs. 319-324; 1932: 26 U. S. C. A., 1924 to date, p. 580, secs. 501-532.) There are no decisions under the state act to aid in solving the problem presented by this case. ■ However, in view of the fact that material provisions of the federal statute and state act are substantially identical, decisions interpreting the federal law furnish a guide in construction of the state act. Where legislation is patterned after a statute of another state or of the federal government which has been judicially construed there is a very strong presumption of intent to adopt the construction as well as the language of the prior enactment. (*Union Oil Associates* v. *Johnson,* 2 Cal. (2d) 727, 735 [43 Pac. (2d) 291, 98 A. L. R. 1499] ; *Holmes* v. *McColgan,* 17 Cal. (2d) 426, 430 [110 Pac. (2d) 428].)

■ By both the federal and state acts the tax is imposed on transfers of property by way of gift. (Internal Revenue Code, sec. 1000 (the Internal Revenue Code is found in Title 26, U. S. C. A.) ; state act, Stats. 1939, chap. 652, sec. 12.) Both federal and state laws contain a provision that the tax applies whether the transfer is in trust or otherwise and whether the gift is direct or indirect. (Internal Revenue Code, sec. 1000; sec. 13 of the state act, *supra.*) By section 37 of the state act it is provided that "the tax does not apply to a transfer of property in trust where the power to revest in the donor title to the property is vested in the donor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the property or the income therefrom." This section does not render the transfer herein tax free, since, as noted above, the trust instrument provided that the trust was irrevocable.

The Federal Revenue Act of 1932 originally contained a provision similar to section 37, *supra* (Rev. Act of 1932, sec. 501c). However, in *Burnet* v. *Guggenheim,* 288 U. S. 280 [53 Sup. Ct. 369, 77 L. Ed. 748], it was held that the above principle of non-taxability of a revocable trust was the law under the 1924 statute which did not contain an express provision to that effect. Section 501c was thereafter repealed as being unnecessary. (Rev. Act of 1934, sec. 511; see 55 Harvard Law Review, 31.)

Plaintiff urges that three decisions of the Supreme Court of the United States indicate non-taxability under the gift tax law of such transfers as that herein. The decisions are: *Burnet* v. *Guggenheim, supra; Estate of Sanford* v. *Commissioner*, 308 U. S. 39 [60 Sup. Ct. 51, 84 L. Ed. 20]; *Rasquin* v. *Humphreys*, 308 U. S. 54 [60 Sup. Ct. 60, 84 L. Ed. 77]. In the Burnet case the court held that where a trust is created under which the trustor retains the power to revoke the trust there is not a completed gift at the time of the creation of the trust, but if the trustor subsequently surrenders the power of revocation a gift is made at that time which is subject to gift tax. It was this case which, as noted above, held that this was the rule under the 1924 act, although not expressly declared in the statute. In the other two cases it was held that where the trustor has no power to revoke the trust, but power to change beneficiaries, although not to name himself as a beneficiary, the gift is likewise incomplete in the absence of a surrender of such power. If the power is surrendered during the lifetime of the trustor, a gift is then complete which is subject to the tax, otherwise the transfer in trust is subject to the estate tax upon the death of the trustor.

The theory of these cases is that while the trustor retains such power over the trust, the transfer is as to the beneficiaries incomplete and inchoate. The cases emphasize the essence of a transfer for purposes of taxation is the passage from the trustor of control over the economic benefits of property, rather than any technical changes in its title. While the grantor retains the right to revoke or amend the trust he has not parted with economic control of the property in the analysis of these cases. It is also stated in *Burnet* v. *Guggenheim, supra,* that since the donee is secondarily liable for the tax, the donor being primarily liable, it would be unfair to impose the tax burden on him when it is uncertain by reason of the trustor's retention of control whether the donee will ever actually receive the property.

In the present case the trustor reserved neither a power of revocation nor right to change beneficiaries. Here the uncertainty as to whether the beneficiary in remainder will ever receive any interest in possession and enjoyment depends on whether he survives the trustor, and on the additional contingency that the trust *corpus* is not consumed in payments to the trustor during her lifetime and payments of expenses upon her death. Plaintiff urges that a like rule should be applied where the uncertainty depends on such facts as where

it is due to a reserved right in the trustor to revoke the trust or change beneficiaries. The question here is as to the right of the state to tax the remainder interest of the trustor's brother under the gift tax act. The reserved life interest of the trustor is admittedly not subject to a gift tax.

It is plain from a reading of the state act that the interest of a remainderman which depends on his surviving a life tenant, or on other contingencies, is not by reason of that fact outside the purview of the gift tax. That is, if the life tenant in the present case had been a person other than the trustor, and the interest of the trustor's brother depended on his surviving such life tenant, there can be no doubt that under our state gift tax act the contingent interest of the brother would have been subject to the gift tax.

The taxability under the Gift Tax Act of future interests, including those which are contingent, finds repeated recognition in the state act. Section 4 provides: "As used in this act, 'transfer' includes the passing of property or any interest therein, in possession or enjoyment, present or future, by gift, or any transfer made with donative intent." Section 29, which allows an exemption not exceeding $4,000 on a gift from any donor or any donee in any calendar year, provides that it is not applicable where the "transfer" is "of a future interest in property."

Sections 67, 68 and 70 regulate in some detail the mode of taxation under the gift tax act of contingent future interests. Section 67 provides that "When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended, or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this act . . . provided, however, that on the happening of any contingency whereby the said property, or any part thereof, is transferred to a person exempt from taxation under the provisions of this act, or to any donee taxable at a rate less than the rate imposed and paid," the difference between the amount paid and the amount actually payable shall be refunded. Section 68 provides for appraisal of "estates in expectancy which are contingent or defeasible," while section 70 fixes the manner of computing "the value of every future, or contingent or limited estate, income or interest."

In view of the above provision it is plain that the interest of the brother of the trustor herein, had it been limited to take effect upon his surviving a life beneficiary other than the trustor, would have been subject to the gift tax despite its contingent aspect. We are of the view that it makes no difference in the taxability of the brother's interest that it is limited to take effect upon the termination of a life estate in the trustor, rather than in a third person. The argument for non-taxability where the life beneficiary is the trustor will be considered hereafter.

The federal act does not contain detailed provisions such as sections 67, 68 and 70, but that contingent future interests may be subject to the gift tax is plain from the recent decisions in *Ryerson* v. *United States,* 312 U. S. 405 [61 Sup. Ct. 656, 85 L. Ed. 917], and *United States* v. *Pelzer,* 312 U. S. 399 [61 Sup. Ct. 659, 85 L. Ed. 913].

The computation of the tax on contingent future interests presents a difficult administrative problem, but one which must be assumed in view of plain provisions of the act declaring the taxability of such interests. Hardship to the taxpayer is tempered by a variety of provisions. Section 66 provides that "When property is transferred in trust, the trustee may pay the entire tax on all interests therein out of the *corpus* of the property transferred." Section 67, which provides for a tax at the highest possible rate, with provision for subsequent refund, when property is transferred in trust or otherwise and the rights of the transferees are contingent, sets forth that the tax so imposed shall be payable in full out of the *corpus* of the property transferred, and shall not be charged against the interest of or collected from the beneficiaries thereof. The section further provides that the donee beneficially interested, or the trustee, may elect not to pay the tax until the donee shall come into the actual possession or enjoyment of the property, in which case a bond shall be executed to pay the tax plus interest.

The argument for non-taxability of the remainder interest where the life beneficiary is the trustor, rather than a third person, counts heavily on the fact that a transfer in which the grantor reserves a life income or interest is subject to the inheritance tax upon the death of the grantor. The Inheritance Tax Act so provides. (Stats. 1935, p. 1266, sec. 2, subd. 3 (b); Deering's Gen. Laws, 1937, Act 8495.) The federal estate tax contains a similar provision. (Rev. Act,

1932, secs. 803, 811, Int. Rev. Code.)   Since the gift tax was designed to supplement the inheritance tax of the state government, the federal gift tax to supplement the federal estate tax, it is contended that when a transaction will be subject to the estate and inheritance taxes it is not subject to the gift tax.

■   But that liability for inheritance and estate taxes is not a certain criterion of non-taxability under the gift tax acts appears from the statutes themselves.   Section 31 as it stood when the tax in this case was paid provided: "In case a tax has been imposed and paid under this act upon any gifts, and thereafter upon the death of the donor there is imposed by this State on the transfer to the donee an inheritance or succession tax on account of property embraced within such gift, there shall be credited against and applied in reduction of the inheritance or succession tax which would otherwise be chargeable against or on account of such property an amount equal to the tax paid on account of such gifts . . ."   (Stats. 1941, p. 112, extra session of 1940.)   Section 31 was repealed in 1941 (Stats. 1941, p. 2676), and a new section 31 added which is much more extended than the old section 31, but which continues the provision for credit of gift taxes paid against inheritance taxes.   The corresponding section of the federal act is section 813, Internal Revenue Code.   The state gift tax is at the same rates as the inheritance tax, while the federal gift tax rates are three-fourths of the estate tax rates.

The correlation of income, inheritance and gift taxes presents difficult unsolved problems.   The estate and inheritance tax acts define with some precision the transfers to which the tax is incident, but the gift tax acts merely impose the tax in general terms on transfers by way of gift.   The decision in *Estate of Sanford* v. *Commissioner, supra,* develops the concept of taxability under the estate tax as establishing non-taxability under the gift tax.   But that case recognizes that there are exceptions to the test, such as transfers in contemplation of death.   (For discussion of correlation of gift taxes and estate taxes see articles 55 Harv. Law Rev. 1; 40 Col. Law Rev. 773; note, 40 Col. Law Rev. 467; articles, 34 Ill. Law Rev. 119; 32 Ill. Law Rev. 891; notes, 133 A. L. R. 986; 124 A. L. R. 872; 112 A. L. R. 1448.)

A rule which would uniformly decree freedom from gift taxation when the estate tax will reach the transfer, loses sight of the fact that the gift tax supplements the income tax as well as the estate tax, and is designed to reach funds which escape income taxation   (55 Harv. Law Rev. 18-23.)

Such a rule also offers possibilities for tax avoidance by means of transactions between the date of transfer and the death of the transferor. For example, the whole of property held in joint tenancy is expressly made subject to an inheritance tax except where it originally belonged to the surviving joint tenant. (Stats. 1935, p. 1266, sec. 2, subd. 5; the correlative provision of the federal law is found in sec. 811, subd. 4 (e), Int. Rev. Code.) Yet when one owning property in sole ownership places it in joint tenancy without receiving consideration, the other joint tenant has a present interest in possession and enjoyment, and can sever the joint tenancy by transfer of his interest to another. In the event of such a transfer there would be no liability for the inheritance tax upon the death of the creator of the joint tenancy, as to the half interest previously given to the joint tenant, since the joint tenancy and right of survivorship would have been destroyed before death by the transfer. Unless a gift tax was incurred on creation of the joint tenancy it would escape taxation, which result it was an object of the gift tax to prevent. (For other illustrations of transfers probably subject to both gift and inheritance or estate taxes see article 55 Harv. Law Rev. 1, Correlation of Gift and Estate Taxes, by William C. Warren.)

██ The above discussion is directed to the point that reasons may exist for imposing a gift tax although the transaction is such that if no intervening event occurs there will be liability for an estate and inheritance tax. In the present situation it is not clearly made to appear either that the gift tax is needed as a substitute for the income tax, or that there are possibilities of avoidance of the inheritance by means of transactions between the creation of the trust and the death of the trustor. Nevertheless, since the interest of the brother of the trustor, had it been limited on the life of a person other than the trustor, would be of a type clearly subject to the gift tax, as pointed out above, we are of the view that it should not be held free from that tax because the life interest is in the trustor, rather than in another. We find nothing in the gift tax act to warrant such a distinction. The trustor in the present case retained neither a power of revocation nor right to change beneficiaries.

It would seem to be implicit in the decision of the Board of Tax Appeals in *Loew* v. *Commissioner of Internal Revenue,* 42 B. T. A. 17, that where a donor creates a trust and reserves

the income to himself for life, the remainder interests are subject to the gift tax. The board had previously held in *Trevor* v. *Commissioner*, 40 B. T. A. 1241, where the trustor not only reserved the income of a trust to herself for life, but also reserved a right to amend or revoke with consent of the trustee after the expiration of ten years from the date of the trust, that no gift tax was due. (See also *Herzog* v. *Commissioner*, 116 Fed. [2d] 591.)

■ In addition to claiming that no taxable gift was made, plaintiff alleged in her complaint that the state controller erred in computing the tax in that he failed to take into consideration the right of the trustee on the trustor's decease to pay expenses of her last illness and burial, taxes, costs and attorneys' fees. The use of funds for this purpose rests in the discretion of the trustee. There may be other funds of the trustor available for this purpose, with the result that the trustee may determine not to use trust funds. Since the law provides for imposing the highest tax possible, with provision for refund in the event the contingency on which it is imposed does not happen, the state controller did not err in making no allowance on account of this discretionary provision in his computation of the tax.

■ Plaintiff further contends that since the judgment which was entered following the default of the state recites that evidence was introduced, it must be presumed in support of the judgment that such evidence showed that the remainder interest was without value. It is not alleged in the complaint that the interest of the brother was worthless. It is alleged that the property transferred to the trustee was of the approximate value of $169,585.31. The trustor may die at any time, leaving her brother surviving, in which event he will come into ownership of property of large value through termination of the trust. In the circumstances it cannot be presumed in support of the judgment that it is based on a determination that the interest taxed is without value.

Since a gift tax became due upon the transfer of the remainder interest to the brother of the trustor, and since the only claim of error in computation is the failure to consider the discretionary right of the trustee to pay certain expenses upon the death of the trustor, which claim is not well founded, it follows that the demurrer to the complaint should have been sustained. The judgment entered upon overruling the demurrer is erroneous and is reversed.

Peters, P. J., and Ward, J., concurred.