Alice L. McHUGH

v.

The UNITED STATES.

No. 202–54.

United States Court of Claims.
June 5, 1956.

Joseph E. McAndrews, Washington, D. C., Ivins, Phillips & Barker, Washington, D. C., on the brief, for plaintiff.

Sheldon J. Gitelman, Silver Spring, Md., with whom was Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

The plaintiff sues to recover $4,337.71, together with interest, representing gift taxes alleged to have been wrongfully collected by defendant in 1949. The case

is before the court on defendant's motion for summary judgment.

The facts alleged in the petition and shown in defendant's exhibits, are as follows:

On May 16, 1949, plaintiff created a trust for the benefit of her sister-in-law, Rowan McHugh Brown, and transferred to the Wilmington Trust Company, as trustee, 200 shares of preferred stock of E. I. du Pont de Nemours Company which had a value on that date of $24,350. Under the terms of the trust agreement the trustee was directed to pay the net income derived therefrom to Rowan McHugh Brown for a period of 10 years or until the death of Rowan McHugh Brown, whichever event should first occur. Upon termination of the trust the trustee was directed to return the principal and any undistributed income to plaintiff.

The trust agreement also provided that if the trustee, in its sole discretion, considered the funds payable for the benefit of Rowan McHugh Brown, together with the funds available to her from other sources, were insufficient to provide properly "for the essential needs—such as food, clothing, shelter and illness expenses, of such beneficiary and his or her dependents," the trustee was authorized to apply so much of the principal as it, in its sole discretion, found necessary to meet such essential needs of the beneficiary and her dependents, provided, however, that it could not apply any of the principal so as to relieve any person not a beneficiary of the trust of any legal duty to support his or her dependents.

At the time of the execution of the trust agreement, Rowan McHugh Brown, the beneficiary, was 46 years of age, married, and had one dependent son, Benjamin McHugh Brown, who was 18 years of age. Her husband was well able to support his dependents. Also on the date of the execution of the trust agreement there was no reason to anticipate that the trustee would pay to Rowan McHugh Brown any sums other than the net income of the trust fund.

The plaintiff filed a gift tax return in 1949, reporting the creation of the trust and valuing the gift in trust for gift tax purposes at $8,017.55, which represented the value of the income of the trust for a period of 10 years. On March 3, 1953, the Commissioner of Internal Revenue issued a notice to plaintiff determining a deficiency in gift taxes for 1949 in the amount of $3,862.19, based on the contention that the entire value of the stock transferred to the trust in 1949, amounting to $24,350, represented a taxable gift in that year. The plaintiff paid the principal amount on March 15, 1953, and interest in the amount of $475.52 on April 8, 1953. A timely claim for refund was filed, 6 months expired, and this suit was commenced.

The pertinent part of the statute, Internal Revenue Code of 1939, is as follows:

"§ 1000. *Imposition of tax.* (a) For the calendar year 1940 and each calendar year thereafter a tax, computed as provided in section 1001, shall be imposed upon the transfer during such calendar year by any individual, resident or nonresident, of property by gift. * * *

"(b) The tax shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * * *." 26 U.S.C.A. § 1000.

The question presented by defendant's motion is whether the existence of a power of invasion of the corpus of the trust by the trustee for the benefit of the income beneficiary results in a gift of the entire corpus to the beneficiary for gift tax purposes, regardless of how remote the likelihood of such invasion may be.

It is obvious that something more than just the right to the income from the trust was transferred, and that this additional property was subject to a gift tax. Smith v. Shaughnessy, 318 U.S. 176, 180, 63 S.Ct. 545, 87 L.Ed. 690; S.Rep.No.665, 72d Cong., 1st Sess., p. 39. The defendant contends that since

the Commissioner has determined that the value of the gift was the entire corpus and since his determination is prima facie correct, it is entitled to judgment because the plaintiff cannot show by any reliable method that the value of the gift was any different from that determined by the Commissioner.

In answer to defendant's contentions, the plaintiff contends that the power of invasion was conditional and limited and was not equivalent to a gift of the entire corpus. The plaintiff further contends that the standard of invasion prescribed is definite and ascertainable for purposes of measuring the value of the gift, relying on the estate tax charitable deduction cases; and that it is entitled to go to trial to show the value of the trustee's power of invasion.

The gift tax case that comes closest to the issue in the instant case is Lockard v. Commissioner, 1 Cir., 166 F.2d 409, 413, which merely crystallizes the issue. In the Lockard case the taxpayer transferred property in trust with the net income to her husband during his life and the reversion to the taxpayer. The trust provided that the trustee, in his uncontrolled discretion, should pay such amounts from the principal, not in excess of $3,000 annually, as he thought "necessary for the comfortable maintenance and support" of her husband. The Commissioner determined that the value of the gift should include the value of the right to receive $3,000 annually without regard to the limitations imposed on the trustee's power of invasion. The court pointed out that something more than just the right to the income was given, but that something less than the absolute right to receive $3,000 of the principal annually was given. The court stated, in holding for the defendant because the Commissioner's determination was presumptively correct, that the value of the power of invasion to the extent of $3,000 annually could not be determined by any reliable actuarial method and that the taxpayer did not suggest any other method of valuation, or facts

relating to the likelihood of an invasion of the principal.

The problem of valuation in the instant case is identical to the valuation problem presented in the estate tax charitable deduction cases and we see no compelling reason why the same standards of valuation should not be applied. Accord Robertson v. Commissioner, 26 T.C. ——. The Supreme Court has passed on the estate tax charitable deduction issue on three occasions. Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647; Merchants National Bank of Boston v. Commissioner, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35, and Henslee v. Union Planters National Bank & Trust Co., 335 U.S. 595, 69 S.Ct. 290, 93 L.Ed. 259.

In the Ithaca Trust Co. case the residuary estate of testator was left in trust to his wife for her life with the remainder to specified charities. The trust provided that she should have authority to use from the principal any sum " 'that may be necessary to suitably maintain her in as much comfort as she now enjoys.' " The Court allowed a charitable deduction for the remainder to charities stating that:

"The principal that could be used was only so much as might be necessary to continue the comfort then enjoyed. The standard was fixed in fact and capable of being stated in definite terms of money. * * * There was no uncertainty appreciably greater than the general uncertainty that attends human affairs."

In the Merchants National Bank of Boston case, supra, the residuary estate of the testator was left in trust with the income to his wife for life and a remainder of all above $100,000 to named charities. The trust authorized the trustee to invade the corpus "for the comfort, support, maintenance, and/or happiness of my said wife," and directed that the trustee's discretion should be exercised with liberality to the wife over the residuary beneficiaries. The Court, in holding for the defendant, stated that the power of invasion of the corpus was

930

not restricted by a fixed standard capable of being stated in definite terms of money.

In the Henslee case, supra, the testator's estate was left in trust with a specified income to his mother for life with remainders to certain persons and the balance to named charities. The trust provided that the trustees could use "any portion of my estate, either income or principal, for the pleasure, comfort and welfare of my mother," and directed that the estate should be managed primarily for the benefit of his mother. The Court held for the defendant on the authority of the Merchants National Bank case, supra.

The facts in both the Merchants National Bank case and the Henslee case indicated that the possibility of invasion of the corpus was extremely remote. There emerged from these three decisions two requirements for a charitable deduction where a power of invasion is involved. The first requirement is that the terms of the trust must limit the trustee's power of invasion by definite and ascertainable fixed standards capable of being stated in terms of money. The second requirement is that the facts at the time of the transfer in trust must show the likelihood of invasion and the value of the power of invasion under the circumstances.

In the instant case the trustee could invade the corpus for the benefit of the income beneficiary only when it considered the income payable under the trust and funds available to the beneficiary from other sources "insufficient to provide properly for the essential needs— such as food, clothing, shelter and illness expenses." This is, therefore, a sufficiently definite standard to be measurable in terms of money. Compare the following cases where a charitable deduction was allowed: Ithaca Trust Co. v. United States, supra, ("any sum 'that may be necessary to suitably maintain her in as much comfort as she now enjoys' "); Blodget v. Delaney, 1 Cir., 201 F.2d 589, 593 (" 'comfort and welfare' "); Lincoln Rochester Trust Co. v. Commissioner, 2 Cir., 181 F.2d 424,

("such sums of principal as may be necessary for her proper care, support, and maintenance"); Berry v. Kuhl, 7 Cir., 174 F.2d 565, ("if by reason of accident, illness or other cause") ; Estate of Wetherill v. Commissioner, 4 T.C. 678, ("care, maintenance and support" and "for any extraordinary expenses" due to "injury, illness, or disability").

The plaintiff has alleged, and the defendant has admitted for the purposes of its motion, that at the date of the execution of the trust there was no reason to anticipate that the trustee would pay the income beneficiary any sums other than the net income of the trust fund. If such is the case the value of the power of invasion is clearly not the entire value of the corpus. We are of the opinion that the plaintiff is entitled to show the likelihood of invasion of the corpus and the value of the power of invasion under the circumstances.

The defendant's motion for summary judgment is denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.