[Civ. No. 35197. Second Dist., Div. Two. June 3, 1970.]

MARIAN SISK STEWART, Plaintiff and Respondent, v.
STATE OF CALIFORNIA, Defendant and Appellant.

**COUNSEL**

Myron Siedorf, Walter H. Miller and Bettina A. Bate for Defendant and Appellant.

Robert A. Stewart, Jr., for Plaintiff and Respondent.

**OPINION**

**ROTH, P. J.**—The State Controller appeals from a judgment awarding respondent Marian Sisk Stewart (Marian) a refund of gift taxes paid by her under protest plus interest.

On November 14, 1948, Cepha and Robert Sisk (Cepha and Robert), husband and wife, orally agreed that on the death of either, the survivor

would succeed to all the property of the other and that such survivor would leave all property in his or her possession at the time of death to their daughter, Marian, to take absolutely at age 35. Mutual wills were executed by Cepha and Robert.

Cepha died on November 17, 1957, without having changed her will. Her property, all of which was community, passed to Robert. An order fixing inheritance tax on his succession to her estate was entered on December 11, 1961.

On May 9, 1960, Robert revoked his mutual will by means of a holographic will. Robert died on February 25, 1964. Along with minor bequests not at issue, the bulk of Robert's estate was left in a trust from which Marian was to receive the income.

Marian thereafter brought an action to impose a constructive trust on Robert's estate. Judgment in her favor was entered on August 1, 1966. The Controller sought to impose inheritance taxes on Cepha's half of the community property which passed to Marian as a result of the constructive trust action. This court, in *Estate of Sisk*, 269 Cal.App.2d 823 [75 Cal. Rptr. 549], decided on February 18, 1969, that Robert's property (exclusive of the portion inherited from Cepha) was properly subject to inheritance taxation. The court did not reach the question of whether the property reaching Marian from Cepha was taxable, noting that the Controller had conceded that it was not. (*Estate of Sisk, supra,* at p. 828.)[1]

On May 28, 1968, the Controller determined that a gift tax was due on Cepha's half of the property. Marian paid this tax under protest and this action followed. Summary judgment was entered in Marian's favor. The facts are undisputed. Appellant concedes that there is no evidence to be weighed or question of fact to be resolved. The sole question is one of law. A summary judgment was proper. (*Stationers Corp.* v. *Dun & Bradstreet, Inc.* (1965) 62 Cal.2d 412 [42 Cal.Rptr. 449, 398 P.2d 785]; *R. D. Reeder Lathing Co.* v. *Allen* (1967) 66 Cal.2d 373 [57 Cal.Rptr. 841, 425 P.2d 785].)

Both parties agree that Cepha retained the power and the right to revoke her mutual will until the time of her death.

Appellant, therefore, contends that "dying without having changed the terms of a prior revocable agreement can be the operative fact which fixes

---

[1]However, the court in footnote 9, page 828, said: "We do not here determine whether the State Controller may seek reopening for the purpose of revising the inheritance tax in Cepha's case upon the theory that there was concealed from him the agreement here imposing a constructive trust upon the property passing to Robert from Cepha's estate."

the rights of the donee and results in a taxable gift under the California Gift Tax Law."

Since the gift tax statute itself disposes of appellant's contention, we do not reach appellant's claim that death was the operative fact which completed the gift thus allowing the state to impose gift rather than inheritance taxes. Revenue and Taxation Code, section 15201 provides: "A tax is hereby imposed upon every transfer by gift of any property by an individual."

Since the California law is derived from the federal gift tax law, authorities pertaining to the federal law are relevant (*Douglas* v. *California,* 48 Cal.App.2d 835, 838 [120 P.2d 927].) ■ It has been settled since *Estate of Sanford* v. *Commissioner of Int. Rev.,* 308 U.S. 39, 47 [84 L.Ed. 20, 24, 60 S.Ct. 51] that "gift taxes will not be imposed on transactions which fall short of being completed gifts." It is a fundamental assumption that the gift tax is confined to transfers completed by living donors.

■ Section 15105 reads in pertinent part: " 'Transfer' or 'gift' does not include any transfer of property in trust where the power to revest in the donor title to the property is vested in the donor. . . . However, 'transfer' or 'gift' does include the relinquishment or termination of any such power, *other than by the donor's death.* . . ." (Italics added.) Cepha's agreement with Robert was, in effect, a revocable trust. Cepha's death did not result in the completion of a gift within her lifetime. It was a testamentary disposition.

It is clear that the intent of the Legislature in enacting both gift and inheritance tax legislation was to provide an orderly scheme of taxation. (*Estate of Cummings,* 236 Cal.App.2d 659, 662 [46 Cal.Rptr. 491]; *Douglas* v. *State of California,* 48 Cal.App.2d 835, 838 [120 P.2d 927].) "Since the primary purpose of the gift tax statute is to supplement the estate tax statute, it is reasonable to construe the former as excluding gifts so incomplete by reason of powers reserved to the donor, as to be expressly made subject by the latter to the estate tax. . . . If during his life he shall terminate his reserved powers, a gift tax will then accrue. If they are terminated by his death, the property will be subject to an estate tax." (*Hesslein* v. *Hoey,* 91 F.2d 954, 956.) The gift tax statutes are a *supplement* to the inheritance tax statutes; they are not a *substitute.*

In *Estate of Rath,* 10 Cal.2d 399 [75 P.2d 509, 115 A.L.R. 836], a husband and wife had an agreement to make mutual wills. The court held that the beneficiaries took from the first donor and that the proper tax to apply was an inheritance tax. At bench, the uncontradicted facts show that no completed gift was made to Marian during Cepha's life.

We are satisfied that nothing was taxable in any form at the time Cepha and Robert entered into the oral agreement in 1948. Obviously, there was no gift, i.e., no transfer of any interest to Marian. There was no assurance that Marian would have received anything at any time.

Nor was there any gift at the time of the tax-free transfer of one half the community property from Cepha to Robert in 1957. Here again there was no assurance that Marian would ever succeed to anything or that any property would ever come to her.

The only taxable point occurred in 1964 when Robert died, Marian being alive, and this transfer, whether by way of succession through Robert's will or impression of a constructive trust, it seems to us, clearly falls within the inheritance tax law.

It is clear from the record that Robert was obligated by his contract with Cepha to transfer and will the community property to Marian, and that, if he had carried out his contract, she would have taken the property by succession under Robert's will. Whether by calculation or inadvertently, Robert ignored his obligations under his contract with Cepha as a consequence of which Marian by the device of an action to impress a constructive trust, caused him to perform the contract he had made with his wife.

It seems to us that the enforcement of the obligation to transfer by will through the device of an action to impress a constructive trust, does not change the inherent nature of the succession nor the obligation to pay an inheritance tax on the entire amount of property transferred. The principles applicable here are clearly set out in *In re Kidd's Estate* (1907) 188 N.Y. 274 [80 N.E. 924], cited in *Estate of Sisk,* 269 Cal.App.2d 823 [75 Cal.Rptr. 549].

No statute of limitations applies to an action to collect inheritance tax. (3 Witkin, Summary of Cal. Law (1960), p. 2238, citing Rev. & Tax. Code, §§ 14101, 14355.)

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied June 24, 1970.