[Civ. No. 52234. First Dist., Div. One. Mar. 8, 1982.]

CHARLENE ASHER, Plaintiff and Appellant, v.
KENNETH CORY, as State Controller, Defendant and Respondent.

COUNSEL

Thomas N. Stewart, Jordan J. Breslow and Caldecott, Phillips & Stewart for Plaintiff and Appellant.

Myron Siedorf, Robert G. Harvey and Eric F. Eisenlauer for Defendant and Respondent.

**OPINION**

**GRODIN, J.**—The question presented by this appeal is whether the transfer of assets to a trustee for a specific term, under directions to pay

net income to designated beneficiaries, and with discretion to distribute up to one-half of the corpus to the beneficiaries for stated purposes, constitutes a "transfer by gift of ... property" within the meaning of Revenue and Taxation Code section 15201. The trial court held that it does, the taxpayer has appealed, we affirm.

### Factual and Procedural Background

The facts of the case are not in dispute. On July 17, 1978, Charlene Asher, as settlor, transferred to her husband, Richard B. Asher, and her two adult children, Anne Leslie Asher and Brian Lee Asher, as co-trustees, certain securities with a market value of $250,000, under a trust agreement directing the trustees to pay the net income from the trust property in periodic installments to Anne and Brian, the income beneficiaries. The trust was to terminate not later than 10 years and 1 day from the date of the transfer, at which time the remaining trust property would revert to the settlor, Charlene. In these respects, the agreement qualified as a lawful means of diverting income from trust property to the income beneficiaries under the so-called "Clifford" principles of both federal and state income tax laws. (See generally, Int. Rev. Code, §§ 671-677; Rev. & Tax. Code, §§ 17781-17791.)

In addition, the trust agreement provided as follows: "At any time during the term of this Trust the Trustees, at their sole discretion, acting in that capacity, shall have the power to distribute up to one-half of the trust principal to or for the benefit of each of the Income Beneficiaries for his or her support, maintenance, health, and education."

The Controller, claiming that the transfer of property to the trust constituted a taxable gift to the income beneficiaries, sent Charlene a notice of deficiency to that effect. Charlene filed suit challenging the deficiency determination, the trial court sustained the Controller's demurrer without leave to amend, and it is from the consequent judgment of dismissal that Charlene appeals.

### Discussion

Relevant provisions of the Revenue and Taxation Code impose a tax upon "every transfer by gift of any property by an individual" (§ 15201), define "property" as "any real or personal property or interest therein ..." (§ 15103), and define "transfer" or "gift" as including "the passage by gift of any property, or any interest therein or income

therefrom, in possession or enjoyment, present or future, in trust or otherwise, directly or indirectly, or any transfer made with donative intent" (§ 15104).

In addition section 15210 establishes the so-called "Highest Contingency Rule": "In the case of a transfer made subject to a contingency or condition upon the occurrence of which the right, interest, or estate of the donee may, in whole or in part, be created, defeated, extended, or abridged, the tax is computed as though the contingency or condition has occurred, and at the highest rate possible."

■ The Controller's position is straightforward: Charlene, by transferring assets to the trustees under circumstances in which she relinquishes dominion or control over them, and in which the trustees have power to distribute one-half of the principal to each of the designated beneficiaries, all with donative intent, has made a "transfer" to the beneficiaries subject to a contingency, i.e., the decision of the trustees to distribute as permitted. Application of the Highest Contingency Rule therefore requires immediate taxation of the transfer as a gift. If the contingency does not occur, so that the trust corpus reverts to the donor at the end of the trust period, then the donor would be entitled to a refund of the tax attributable to the corpus (§ 16224), with interest (§ 16271).

Appellant seeks to avoid the force of this logic by invoking the law relating to power of appointments. Her argument goes like this: (1) the discretionary power of trustees to distribute from the trust corpus is a power of appointment; (2) at common law, a power of appointment is not a "property interest"; (3) while the common law rule has been modified by tax statutes so as to treat the grant of a *general* power of appointment as a transfer of property with tax consequences, the common law rule remains controlling with respect to a *limited* power of appointment; (4) a power to invade corpus limited by ascertainable standards relating to health, education, support, or maintenance is a *limited* power of appointment; (5) ergo, no tax.

The argument is ingenious, but unconvincing. Assuming, arguendo, that the power to invade the corpus of a trust for the benefit of designated beneficiaries is properly characterized as a "power of appointment" at common law, nothing in the applicable provisions of the Gift Tax Law renders the imposition of a gift tax in a situation such as this dependent upon such a characterization. The only mention of a

power of appointment in the Gift Tax Law occurs in section 15105.5, which specifies that the "exercise or release of a general power of appointment shall, for the purposes of this part be deemed a transfer of the property subject to the power *by the individual possessing the power*" (italics added), thereby rendering the *donee* of a general power liable for gift tax upon its exercise. That section does not purport to govern the question whether the transfer of property subject to a power of appointment, general or limited, renders the *donor* subject to a gift tax. (Cf. *Estate of Elston* (1939) 32 Cal.App.2d 652, 660 [90 P.2d 608].)

While there are no decisions precisely in point under California's Gift Tax Law, it has been held that in the converse situation, where the trustor retains income rights and power to invade the trust's corpus, the remainderman's right to receive whatever is left is nonetheless a taxable gift. (*Douglas* v. *State of California* (1942) 48 Cal.App.2d 835 [120 P.2d 927].) Rejecting the taxpayer's argument that the Controller erroneously failed to consider the right of the trustee to pay certain expenses of the donor upon his death, the court stated: "Since the law provides for imposing the highest tax possible, with provision for refund in the event the contingency on which it is imposed does not happen, the state controller did not err in making no allowance on account of this discretionary provision in his computation of the tax." (*Id.*, at p. 844.) Thus, the court treated the trustee's power of invasion as a "contingency," subject to taxation on whatever basis would yield the greatest tax.

Since the California law was patterned on the federal gift tax law, federal authorities are relevant. (*Stewart* v. *State of California* (1970) 8 Cal.App.3d 449, 452 [87 Cal.Rptr. 672]; 5 Witkin, Summary of Cal. Law (8th ed. 1974) Taxation, § 250, p. 4212.) The only pertinent federal authority which has been furnished us by the parties, and which our research has disclosed, supports the Controller's position here.

In *McHugh* v. *United States* (Ct. Cl. 1956) 142 F.Supp. 927 the settlor created an irrevocable trust with a term of 10 years with her sister-in-law as income beneficiary. The trustee was empowered to invade the trust corpus "for the essential needs—such as food, clothing, shelter and illness expenses, of such beneficiary and his or her dependents." (*Id.*, at p. 928.) The federal statute imposed a gift tax upon any transfer of property by gift "whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is

real or personal, tangible or intangible . . . ." (26 U.S.C.A. § 1000(b).) The court identified the question presented as being "whether the existence of a power of invasion of the corpus of the trust by the trustee for the benefit of the income beneficiary results in a gift of the entire corpus to the beneficiary for gift tax purposes, regardless of how remote the likelihood of such invasion may be." Answering the question in the affirmative, the court reasoned: "It is obvious that something more than just the right to the income from the trust was transferred, and that this additional property was subject to a gift tax. [Citations.]" (*McHugh* v. *United States, supra*, 142 F.Supp. at p. 928.)

Here, similarly, something more than just the right to the income from the trust was transferred. The income beneficiaries have an equitable interest in the corpus of the trust, enforceable by them in the event of the occurrence of the specified contingencies. (*Title Ins. & Trust Co.* v. *Duffill* (1923) 191 Cal. 629, 646 [218 P. 14]; *Lynch* v. *Cunningham* (1933) 131 Cal.App. 164, 173 [21 P.2d 154]; 7 Witkin, Summary of Cal. Law (8th ed. 1974) Trusts, § 56, pp. 5418-5419; II Scott on Trusts (2d ed. 1956) § 199, p. 1498; Rest.2d Trusts, § 199, p. 437; see, e.g., *Elliott* v. *Superior Court* (1968) 265 Cal.App.2d 825, 832 [71 Cal.Rptr. 807]; *Estate of Patten* (1963) 217 Cal.App.2d 167 [31 Cal.Rptr. 767].) We conclude that there has been a transfer of property by gift subject to a contingency within the meaning of the California Gift Tax Law (Rev. & Tax. Code, §§ 15201, 15210), taxable in accordance with the Controller's contentions.

Affirmed.

Racanelli, P. J., and Goff, J.,* concurred.

A petition for a rehearing was denied March 26, 1982, and appellant's petition for a hearing by the Supreme Court was denied May 6, 1982.

---

*Assigned by the Chairperson of the Judicial Council.