[Civ. No. 27277. Second Dist., Div. One. Feb. 11, 1964.]

ESTATE OF JAMES E. HARVEY, Deceased. ANNIE B. HARVEY, as Administratrix etc., et al., Plaintiffs and Appellants, v. JESSE M. HARVEY, as Executor, etc., et al., Defendants and Respondents.

Harry Boxer for Plaintiffs and Appellants.

Crispus A. Wright and Maurice H. Wallbert for Defendants and Respondents.

LILLIE, J.— This is an appeal by the decedent's heirs (his surviving widow and two children) from an order settling respondent executor's second account, a supplement thereto, and his final account. On September 20, 1960, prior to the filing of the final account, the court had made an order revoking letters testamentary; two days later (September 22) appellant Annie B. Harvey was appointed administratrix and, it is stated in the final account, "the said Annie B. Harvey now has in her possession the entire balance of the property remaining in the estate of the decedent herein." The order appealed from surcharged the removed executor in considerable amounts. Appellants, as objectors to the subject accounts, complain that he was not surcharged enough.

The first of the several objections relates to the executor's failure to file fiduciary income tax returns, both state and federal for the year 1959; as a result, there are now accrued penalties and interest thereon. Although the court found that "there was sufficient money in the estate to pay all of said taxes when they fell due, and there was incurred thereby assessment and payment of penalties and interest thereon ... said Jesse M. Harvey should not be, and is not surcharged for said penalties in the total sum of $1,792.46." Respondents concede that an executor has the duty to preserve the estate's property by paying taxes legally imposed when there is sufficient money on hand for that purpose. (*Estate of MacMillan*, 43 Cal.2d 437, 447 [274 P.2d 662]; *County of Los Angeles* v. *Morrison*, 15 Cal.2d 368, 372 [101 P.2d 470, 129 A.L.R. 443].) They further concede that the various items would be properly surchargeable if the estate had been required to pay them. But, respondents argue, appellants produced no proof of such payment by the successor administratrix; since they failed to sustain the burden placed on them in that regard, the ruling below was assertedly proper.

There is no dispute as to the amount of the above penalties and interest, nor as to the principal amount of the taxes in question—those issues were resolved at the hearing by stipulation of counsel. There also appears to be no dispute that the executor was negligent in failing to perform his specific duties as a fiduciary mentioned above; he introduced no evidence whatsoever with respect to his failure and neglect in this regard. In *Estate of MacMillan, supra,* at page 447, it is stated: "If the administrator's account is to be surcharged for a part of the income taxes incurred by the estate on account of income from the Thrash lease, it must be shown

558

that negligence of the administrator proximately caused the unnecessary incurring of such taxes.'' As far as the present point is concerned, the key word in the above statement is ''incurred.'' It has been defined as ''to become liable for'' and ''to have liability thrust upon by act or operation of law.'' (*County of Kings* v. *Scott*, 190 Cal.App.2d 218, 224 [11 Cal.Rptr. 893].) By his negligence, respondent has proximately made the estate liable for the obligations in question. The court in *MacMillan* could have said ''incurred *and* paid'' since it appears that the administrator actually paid the taxes and claimed credit therefor; its failure to do so is significant. We believe that respondents' claims are unrealistic and unsound. The challenged finding and the conclusion of law therefrom are unsupportable on any factual or legal basis.

The next objection concerns the receipt by Harvey during his tenure as executor, of various sums of money due the estate for royalties, rentals and other obligations which he failed to deposit in a separate estate account. There was evidence of commingling, and in that connection it was contended below that he appropriated estate assets to his own use and benefit. The trial court refused to add an award of simple interest, or compound interest (as was sought with respect to certain transactions), to any of the surcharge items. This, appellants urge, was error.

Many cases are cited by appellants for the rule that a fiduciary who mingles estate funds with his own funds or employs them in his own affairs is chargeable with interest on such funds so as to furnish complete compensation to the estate. Respondents recognize that the above rule is applicable to trustees of express or testamentary trusts (Civ. Code, §§ 2261 and 2262) and to guardians of minors or incompetents (*Gaver* v. *Early*, 191 Cal. 123, 128 [215 P. 394]), since such fiduciaries are charged with the duty of investing estate funds as required by law. They point out, however, that no such positive duties are imposed upon an executor or administrator, citing *Estate of Smith*, 112 Cal.App. 680, 685 [297 P. 927]: ''An executor serves in a fiduciary capacity and his powers, duties and obligations are in many respects the same as those of a trustee. [Citations.] However, unlike a trustee whose duty it is to invest all trust funds as soon as possible [citation], the primary duty of an executor is simply to preserve the estate until distribution. [Citation.] He is placed under no statutory obligation to invest money belong-

ing to the estate, but investment in securities of the United States or of this state is permitted under prior order of court upon good cause shown therefor." See also *Estate of McSweeney*, 123 Cal.App.2d 787, 793 [268 P.2d 107].

Respondents' position is simply this: Though the executor admits that there was commingling, he had no duty to invest the estate funds; commingling standing alone is not enough to warrant an assessment of interest, there must also be the use of such funds to his own advantage. The principles controlling this phase of the present appeal are set forth in an early case with which later decisions are in accord: "The general rule applicable to an executor, as well as to any other trustee, is, that, except in cases in which he has been guilty of some positive misconduct or willful violation of duty, he is not to be charged with compound interest. In cases of mere negligence, no more than simple interest is ever added to the loss or damage resulting therefrom. In cases where he has mingled moneys belonging to his trust with his own funds, and used them for his own advantage, courts have charged him with compound interest, upon the theory that *in the absence of evidence to the contrary, he will be presumed to have received such profits from their use.*" (Italics added.) (*Wheeler* v. *Bolton*, 92 Cal. 159, 172 [28 P. 558].) Further: "But even in such case if the executor can show that he has acted in good faith, and has not made any greater profit by the use of the funds, he will be charged only simple interest. ... Whether in any instance the executor is chargeable with even simple interest must be determined by the trial court from all the circumstances of that case." (*Supra*, at p. 173.) In the instant case there was a finding "[T]hat Jesse M. Harvey, the removed Executor, is not liable for surcharge with interest on each and all of the sums of money belonging to the estate and *used for his personal profit and advantage* as in the exceptions and objections alleged and set forth, because an executor is not required to invest funds in his hands and he could not have been charged with interest had he performed his duties in a correct manner." This finding is clearly contrary to the pronouncements in the *Wheeler* case. ■ If the executor commingled the funds in question, it will be *presumed* that he used them for profit (and the court so found) in the absence of evidence to the contrary. ■ But respondents produced no evidence to the contrary, and they may not properly argue that appellants "do not point to any part of the record to support their

contention'' in this regard. The burden was with respondents, not appellants. ▇ Too, the specific presumption of personal profit (*Wheeler* v. *Bolton, supra*) outweighs the general presumption relied on by respondents that official duty has been regularly performed. (Code Civ. Proc., § 1963, subd. 15.) ▇ Accordingly all findings[1] and conclusions of law inconsistent therewith must be amended to conform to the rule of the *Wheeler* case.

▇ In addition to asking for interest on the surcharged items, appellants unsuccessfully urged the trial court to apply the provisions of section 612, Probate Code: ''If any person embezzles, conceals, smuggles or fraudulently disposes of any property of a decedent, he is chargeable therewith, and liable to an action by the executor or administrator of the estate for double the value of the property, to be recovered for the benefit of the estate.'' It has been observed (4 Witkin, Summary Cal. Law, 3209) that, ''There is some uncertainty as to whether the double penalty liability on persons who embezzle estate property applies to executors and administrators; but it has no application to their sureties. (*Hochwender* v. *Carter* (1941) 45 Cal.App.2d 435 [114 P.2d 401].)'' In the case cited by the textwriter, the action was against the prior executor and his bondsman; the latter demurred to the second cause of action under the doubling provisions of section 612, the demurrer was sustained, and the appellate court affirmed the judgment of dismissal as to the surety. In behalf of the respondent executor, it is contended the instant statute applies only to actions by the personal representative against a third person who embezzles

---

[1]For example, Finding XX declares: ''It is true and the objections are sustained that Jesse M. Harvey, the removed Executor, in his Second Account failed to account for various monies received on behalf of the estate, to-wit, from C.O. Sparks, Inc. and Mundo Engineering Co., as royalty payments for the month of November 1957 in the sum of $402.95, from Industrial Asphalt of California, Inc., as royalty payment for the months of April and May 1960, in the respective sums of $744.28 and $550.85, from Lloyd Crawford as rent for the premises located at 2342 Hunter Street, in the sum of $60.00, from Reo Motors, Inc., as rent for the premises located at 2321 Porter Street, in the sum of $40.00, from Roman Lopez as rent for the premises located at 2342½ Hunter Street, in the sum of $35.00, from Peter M. Lazzari, on account of the purchase money promissory note and deed of trust, principal and interest payments of $310.80 for each of the months of March, April, May and June 1958, totalling $1,243.20, from C.O. Sparks, Inc. and Mundo Engineering Co., as royalty payment for the month of February 1960, the sum of $295.15 in lieu of the sum of $279.43 as in said Second Account alleged and set forth.''

tangible personal property. (*Bogan* v. *Wiley,* 90 Cal.App.2d 288 [202 P.2d 824].) ▮ But the objections to the *final* account were filed by the successor administratrix; too, money has always been considered tangible personal property, as distinguished from intangibles such as franchises and choses in action. ▮ Under the circumstances, we are of the view that as to any items embraced in the final account, the provisions of section 612 are applicable, but only to respondent executor. ▮ As for respondent surety, not only does the *Hochwender* case sustain its position, but we are also of the opinion that all the circumstances support its claim that as a surety it is a proper party to this appeal. No objection was ever made to its appearance below, nor has there been any motion to strike its brief on this appeal. As stated by the surety, "It would be an anomaly in the law to hold that a surety is conclusively bound by a decree surcharging its principal [Prob. Code, § 554], and on the other hand, it is not entitled to participate in the very proceeding giving rise to the surcharge and the measure of its liability. ▮ Appellants' final contention is that they were erroneously denied attorney's fees for services rendered on their behalf either against the executor by way of surcharge or out of the assets of the estate; subsidiary to the above claim is the assertion that the refusal of such fees denied them due process and equal protection of the law contrary to the provisions of the federal and state Constitutions. None of these contentions has merit. In its memorandum for decision, the trial court stated: "The court has not allowed attorney fees to the objector because there is no provision for such an allowance. It is unfortunate when the administration involves litigation, but it is one of the hazards of administering an estate." It is statutory law that, "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided." (Code Civ. Proc., § 1021.) ▮ Too, it is the general rule of prevailing decisional law that attorney's fees are not recoverable as costs except where expressly allowed by statute or agreed to by express contract. (*Pacific Gas & Elec. Co.* v. *Nakano,* 12 Cal.2d 711, 715 [87 P.2d 700, 121 A.L.R. 417].) The above

rule has been held applicable to probate proceedings. (*Estate of Bevelle*, 81 Cal.App.2d 720, 722 [185 P.2d 90].) *Estate of Whitney*, 124 Cal.App. 109 [11 P.2d 1107], relied on by appellants, is not in point since nothing is said therein about attorney's fees as an item of surcharge against a representative in an estate matter. ▆▆▆ True, there are certain actions in equity where the court will award attorney's fees to a litigant who has succeeded in protecting, preserving or increasing a fund for the benefit of a group to which he belongs (*Estate of Stauffer*, 53 Cal.2d 124, 132 [346 P.2d 748]) ; but appellants have not brought themselves within the recognized exceptions. In the instant case counsel concerned was representing all of the objectors; as in *Estate of Marré*, 18 Cal.2d 191, 192 [144 P.2d 591], ''[E]ach party must pay [her] own attorney's fees since [she] has benefited no one but [herself] in prosecuting [the] action. ...'' As for the asserted denial of any constitutional rights, appellants cite no authority which sustains their position; nor have we encountered any California decision that in any wise even partly supports appellants' extravagant claims in this regard.

The order is reversed with instructions to the trial court to revise its findings and conclusions of law in conformity with the views herein expressed and to enter an amended order accordingly.

Wood, P. J., and Fourt, J., concurred.