[Civ. No. 21936.   First Dist., Div. Three.   Nov. 5, 1964.]

Estate of MARIAM D. MYERS, Deceased.   ROBERT C. SELBY, Petitioner and Appellant, v. BANK OF AMERICA, as Executor, etc., et al., Objectors and Respondents.

Bernard P. McCullough and Rogers, Clark & Jordan for Petitioner and Appellant.

Lionel B. Benas, B. E. Kragen and Strom, Bluer & Weiser for Objectors and Respondents.

SALSMAN, J.—This is an appeal from an order denying appellant's petition for an award of attorneys' fees to be paid out of the assets of the above entitled estate.

By her will the decedent devised the residue of her estate to the Bank of America, in trust for the life of her son Benjamin.   The will provided that upon the death of decedent, her husband, and son Benjamin, the trust should terminate and the remainder of the trust be delivered ''to the issue of my

son, Benjamin, in equal shares, share and share alike. If any of said children, being the issue of Benjamin, should die prior to the distribution of said trust estate, then the Trustee shall deliver of the balance that said child would have received to the remaining child or children of Benjamin in equal shares.'' The decedent defined the term ''issue'' to ''include legally adopted as well as natural children, and the issue of any legally adopted or natural child.''

Benjamin was twice married. Appellant Robert is the natural son of the first marriage. After her divorce from Benjamin, Robert's mother remarried, and Robert was adopted by his mother's second husband. On Benjamin's remarriage he adopted his second wife's son Gary.

The Bank of America, as executor, filed a petition to determine if Robert or Gary or both would be entitled to distribution of the residue of the estate upon the death of Benjamin. In response to this petition, both Robert and Gary appeared by their respective attorneys. Each claimed to be an heir, and each claimed to be entitled to succeed to the entire remainder of the trust property upon the death of Benjamin. It does not appear that any evidence or testimony was taken by the probate court to resolve these conflicting claims. It does appear that both Robert and Gary, through their separate counsel, stipulated ''That claimants, GARY F. MYERS and ROBERT C. SELBY, are each the issue and children of BENJAMIN MYERS, pursuant to and within the meaning of the Last Will and Testament of the Testatrix, and Codicil thereto, and that claimants, GARY F. MYERS and ROBERT C. SELBY, are each entitled to receive the remainder of the trust estate upon the death of BENJAMIN MYERS. . . .'' The order of the probate court determining the interests of the parties followed the terms of the stipulations. In addition, and as an interpretation of the will, the order provided that ''. . . the intention of the testatrix was that if any child of BENJAMIN MYERS should die prior to the distribution of the trust estate and said child left child or children of his own, natural or adopted, said child or children would take his share by right of representation.''

After the probate court's order determining interests was filed, appellant's attorneys filed a petition for an allowance of attorneys' fees to be paid out of the estate.

Appellant admits that the services rendered by his attorneys were primarily for his own benefit, but he contends that the services were also beneficial to the estate in clarifying

claimed uncertainties and ambiguities in decedent's will, and hence such services were compensable out of the assets of the estate.

Code of Civil Procedure section 1021 states the general rule with respect to attorney's fees. "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; . . ." This general rule is applicable to probate proceedings. (*Estate of Harvey,* 224 Cal.App.2d 555, 561 [36 Cal.Rptr. 788]; *Estate of Bevelle,* 81 Cal.App.2d 720, 722 [185 P.2d 90].)

In *Estate of Marré,* 18 Cal.2d 191, 192 [144 P.2d 591], the Supreme Court recognized the general rule, but also noted that plaintiffs "who have succeeded in protecting, preserving or increasing a fund for the benefit of themselves and others may be awarded compensation from the fund for the services of their attorneys. . . ." See also *Estate of Reade,* 31 Cal.2d 669, 671-672 [191 P.2d 745]. Here, as in the *Marré* case, the exception, while well recognized, has no application to the facts. Here, appellant's primary purpose in the presentation of his statement of interest was to claim the entire estate for himself. His purpose was not to benefit or increase a fund for ultimate division between himself and others but was solely for his own benefit. Thus there exists no justification for the application of the exception referred to in the authorities cited. (See also *Estate of Stauffer,* 53 Cal.2d 124, 130-133 [346 P.2d 748].)

Appellant contends, however, that the services of his attorneys were of benefit to the trustee, and resulted in an order of court determining the duties of the trustee, the nature of the trust and the identity of the beneficiaries. Under such circumstances, it is argued, attorneys' fees, payable out of the estate, may be allowed. (See *Estate of Jones,* 130 Cal.App.2d 196, 209 [278 P.2d 701], and authorities cited.) *Estate of Jones* is distinguishable from the case we now consider in that, in *Jones,* respondent, in whose behalf fees had been awarded, sought a clarification of rights "not for itself but for a class which testatrix desired to favor,—women in reduced circumstances." Here it is conceded that the main purpose of appellant's claim was for his own benefit. The proceedings were not begun by appellant, but were commenced by the trustee. No evidence or testimony was offered to the court, and the order which ultimately resulted was derived from the stipulations of the parties through their counsel.

468

Appellant's stipulation may be effective as an agreement on his part to accept a lesser portion of the trust estate than he at first claimed to be entitled to, but it can add nothing to the terms of decedent's will. Here the court was required to ascertain decedent's intentions as to who her beneficiaries should be from the terms of the will itself, and not from the stipulations. (Prob. Code, § 105; *Estate of Hoytema,* 180 Cal. 430, 432 [181 P. 645].) Thus there is no showing that the services rendered by appellant's counsel were of benefit to the estate or to the trustee, or to anyone other than appellant. It follows that compensation for such services may not be paid from estate funds but must be borne by appellant, in accordance with the general rule. (See *Estate of Gopcevic,* 228 Cal. App.2d 280, 281-282 [39 Cal.Rptr. 482].)

The order is affirmed.

Draper, P. J., and Devine, J., concurred.