[Civ. No. 28547.   Second Dist., Div. Two.   Aug. 19, 1965.]

Estate of JOHN E. CUMMINGS, Deceased. RONALD LYNN CUMMINGS, Individually and as Executor, etc., Petitioner and Appellant, v. NANCY C. CUMMINGS, Objector and Respondent.

Kindel & Anderson, Keith A. Pursel and David E. Agnew for Petitioner and Appellant.

Covert & Covert and Donald Paul Covert, Sr., for Objector and Respondent.

HERNDON, J.—Ronald Lynn Cummings, individually and in his capacity as executor of the will of John E. Cummings, deceased, appeals from the order entered upon his petition for instructions. By this petition appellant sought to obtain a judicial answer to a question which he posed as follows: "Are the donees of gifts made by the decedent prior to his death liable to the estate for the amount of Federal and California gift taxes?"

In May, June and July of 1951, John E. Cummings, the decedent, gave various parcels of real property and various items of personal property to his daughter, Rondi Jean Cummings, and to his son, Ronald Lynn Cummings, appellant herein. The deceased also transferred certain properties to appellant and appellant's wife, Marianne Cummings, as joint tenants.

The deceased died on August 2, 1961, before federal or state gift tax returns were due. Appellant, as required by law, subsequently filed such returns in his capacity as executor. (26 C.F.R., § 25.6019-1(b); Rev. & Tax. Code, § 15653.) The District Director of Internal Revenue filed a claim against the estate for federal gift taxes in the total amount of $92,209.81, which includes penalties and interest computed until May 1, 1963. The State Controller of California determined that California gift taxes were due from the estate in the total amount of $18,595.37, which includes penalties and interest computed until March 1, 1963.

In his federal estate tax return, filed in accordance with federal regulations, appellant used these gift tax claims as deductions for debts owing by the decedent and also claimed credit for these gift taxes against the estimated estate tax since they were incurred in connection with gifts that were included in the decedent's estate by reason of their having been made in contemplation of death.

On August 20, 1963, appellant filed his "Petition for Instructions Regarding Liability of Donees to Pay Gift Taxes . . ." by which, as we have indicated, he sought an adjudication determining the immediate impact of tax liabilities resulting from state and federal impositions upon gifts made by decedent prior to his death. The question presented

for decision is restated in the findings of fact of the trial court as follows:

"The executor has asked if the donees of the gifts made by the decedent prior to his death are liable to the estate for all amounts the estate pays on account of Federal and California gift taxes, including interest and penalties thereon." The correctness of the trial court's resolution of this question is the only issue for our consideration on this appeal. The order of the trial court provides:

"1. The donees of gifts made by the decedent in contemplation of his death are liable to the estate for the amount of all Federal and California taxes paid by the estate on account of said gifts; together with all interest and penalties paid upon said taxes by the estate;

"2. It is the duty of the executor to collect from the recipients of said gifts the amount of all Federal and State taxes, interest and penalties which the estate pays as a result of said gifts in contemplation of death. Collection should be made by the executor immediately after payment thereof by the estate and before the filing of the final account herein."

Such order cannot be sustained. Regarding the liability for the federal gift tax, Internal Revenue Code, section 2502, subdivision (d) provides: "The tax imposed by section 2501 [the gift tax] shall be paid by the donor." The regulations of the Commissioner of Internal Revenue prescribe that the liability for gift taxes is a debt of a deceased donor payable by his estate.

"Section 2502(d) provides that the donor shall pay the tax. If the donor dies before the tax is paid the amount of the tax is a debt due the United States from the decedent's estate and his executor or administrator is responsible for its payment out of the estate. . . . If there is no duly qualified executor or administrator, the heirs, legatees, devisees and distributees are liable for and required to pay the tax to the extent of the value of their inheritances, bequests, devises or distributive shares of the donor's estate." (26 C.F.R., § 25.2502-2.)

Respondent nevertheless contends that the trial court's order was correct in that it was a proper application of sections 970-977 of the Probate Code governing the proration of federal estate taxes. The fallacy of this argument, however, is apparent.

In *Estate of Buckhantz,* 120 Cal.App.2d 92, 99 [260 P.2d

794], it is stated: *"The task of proration begins at the point where the taxing authorities end their duty of fixing the estate tax; it takes the accomplished fact of taxation and then prorates the burden on the actuality of the tax."* (Italics added.)

In the instant case, it is undisputed that the total of the tax burden to be imposed upon this estate by reason of the application of federal and state death and gift taxes had not been computed or assessed by the taxing authorities at the time the order under review was made.

We may assume for the purposes of this discussion that when the ultimate estate tax payable by this estate has been determined and paid, the executor may recover from the donees of the gifts made in contemplation of death a sum equal to that portion of the total estate taxes that resulted from the making of such gifts. (Cf. Prob. Code, § 975.) We may further assume, as urged by respondent, that such proration should be made on the basis of the total estate tax assessed against this estate and not the small amount actually remaining to be paid after the estate has paid the gift taxes and applied the authorized credit resulting therefrom against the total estate tax itself. Of course, we recognize that in making such assumption we ignore the fact that from the standpoint of the taxing authorities, the federal gift tax and the federal estate tax are separate and distinct taxes.

The historical development of the state and federal gift tax laws was discussed at length in *Douglas* v. *State of California,* 48 Cal.App.2d 835 [120 P.2d 927], and the following observations were made at pages 842-843 which are pertinent in rejecting the contentions of respondent herein:

"Since the gift tax was designed to supplement the inheritance tax of the state government, the federal gift tax to supplement the federal estate tax, it is contended that when a transaction will be subject to the estate and inheritance taxes it is not subject to the gift tax.

"But that liability for inheritance and estate taxes is not a certain criterion of non-taxability under the gift tax acts appears from the statutes themselves. . . .

"The correlation of income, inheritance and gift taxes presents difficult unsolved problems. The estate and inheritance tax acts define with some precision the transfers to which the tax is incident, but the gift tax acts merely impose the tax in general terms on transfers by way of gift. The decision in *Estate of Sanford* v. *Commissioner, supra* [308 U.S. 39 (60 S.Ct. 51, 84 L.Ed. 20)], develops the concept of

taxability under the estate tax as establishing non-taxability under the gift tax. But that case recognizes that there are exceptions to the test, *such as transfers in contemplation of death.* [Citations.]

"A rule which would uniformly decree freedom from gift taxation when the estate tax will reach the transfer, loses sight of the fact that the gift tax supplements the income tax as well as the estate tax, and is designed to reach funds which escape income taxation. [Citation.]

"Such a rule also offers possibilities for tax avoidance by means of transactions between the date of transfer and the death of the transferor. . . .

"The above discussion is directed to the point that reasons may exist for imposing a gift tax although the transaction is such that if no intervening event occurs there will be liability for an estate and inheritance tax." (Italics added.) See also 26 Cal.Jur.2d, Inheritance and Gift Taxes, § 78, p. 812, wherein it is stated:

"The constitutional power to impose a gift tax has been established by the United States Supreme Court, on principles broadly analogous to those under which estate and inheritance taxes are upheld. But while the inheritance and gift tax laws are complementary and in pari materia, *it is important to observe that the two taxes are distinct, do not comprehend an integrated or correlated scheme of taxation, and are not necessarily reciprocal or mutually logical in application.*" (Italics added.)

In the Guide to Internal Revenue Code printed in 26 U.S.C.A., §§ 2001-4000, it is stated at page 27: "The Federal gift tax is a levy imposed upon the gratuitous *inter vivos* transfer of property by individuals. This tax is intended to prevent or counteract avoidance of the estate and income taxes. In certain instances, however, the gift and estate taxes overlap. *Thus, a transfer may be sufficiently complete to subject the transferor to gift taxation and yet, because of its inherent testamentary nature, be subject to estate tax on the transferor's demise.* The impact of both gift and estate taxes in such cases is lessened by the device of allowing the gift tax as a credit against the estate tax, subject to certain limitations." (Italics added.)

Nevertheless, so long as the states do not attempt by their laws or decisions to frustrate the policy of the federal government either in its determination of its taxes or in their collection, they are free to enforce legislative enactments de-

signed to accomplish an equitable allocation of the actual burden or the ultimate impact of such taxes. As stated by the court in *Riggs* v. *Del Drago,* 317 U.S. 95, 98-99 [63 S.Ct. 109, 87 L.Ed. 106, 142 A.L.R. 1131], in reference to the federal estate tax:

"It did not undertake in any manner to specify who was to bear the burden of the tax. Its legislative history indicates clearly that Congress did not contemplate that the Government would be interested in the distribution of the estate after the tax was paid, and that Congress intended that state law should determine the ultimate thrust of the tax. . . . Congress from 1916 onward has understood local law as governing the distribution of the estate after payment of the tax . . . ." (See also *Estate of Pearson,* 90 Cal.App.2d 436, 439 [203 P.2d 52]; *Security First Nat. Bank* v. *Wellslager,* 88 Cal.App.2d 210, 213 [198 P.2d 700].)

Further support for our assumption regarding the appropriate proration order that may be made in the future herein is to be found in the fact that the term "estate," as used in our proration statutes, is not restricted to property actually passing through the probate estate but "means all property included for Federal estate tax purposes in determining the Federal estate tax pursuant to the Federal estate tax law." (Prob. Code, § 977; *Estate of Armstrong,* 56 Cal.2d 796, 801 [17 Cal.Rptr. 138, 366 P.2d 490].)

From the foregoing definition, it follows that gifts made in contemplation of death are includable. The court in *Estate of Armstrong, supra,* 56 Cal.2d at p. 800, further stated: "Thus, subject only to the expressed will of the testator to the contrary, *it is now part of the fundamental public policy of this state that taxes,* in such cases, *should be prorated.*" (Italics added.)

In *Estate of Miller,* 143 Cal.App.2d 544 [299 P.2d 1005], we were presented with a comparable instance in which a federal tax upon a gift made in contemplation of death was included in the total of the taxes subjected to the proration statute. Although the possible application of the gift tax law, considered as a tax separate and distinct from the estate tax itself, was not expressly argued to the court therein, we did conclude at page 553 with the following ruling:

"Since the court found that a gift of $22,760 was made to Stewart by James in contemplation of death, the estate tax was properly assessed and apportioned." (For a general discussion of this subject and an analysis of cases from other

jurisdictions, see Note 37 A.L.R.2d § 14, pp. 199, 239-240; Note 15 A.L.R.2d § 2, pp. 1216, 1220-1224 and supplements thereto.)

Of course, it is impossible for this court at this time and on the present record to determine the validity of the assumptions we have made regarding the proper application of the proration statutes to the facts of this case as they may ultimately be developed. The issues and the factors necessarily involved in the making of this determination and in the process of prorating or apportioning the taxes in question were not presented to the court below and essential evidence was not introduced for the good reason that some of it was not then available.

Moreover, the will itself is not contained in the present record and the trial court made no findings as to whether or not the testator, either by his will or other suitable writing, had expressed his intention that such an apportionment should or should not be made.

Furthermore, even assuming, as we have done, that an equitable proration order herein will look to the total estate tax as the sum to be prorated rather than to the amount remaining after the estate has paid the gift tax and applied the appropriate credit therefor against the estate tax, it is clear that the present order of the court is not, and does not purport to be, such an apportionment order. It simply orders the executor to collect from the donees of the *inter vivos* gifts the full amount of the gift taxes chargeable against the donor's estate under the federal and state gift tax laws.

And even if it could reasonably be argued that the present order is designed to require something in the nature of an "advance payment" against an anticipated apportionment order to be made in the future, not the slightest suggestion is offered to justify imposing upon the donees the penalties and interest which have been superimposed upon the gift taxes. Although there is a conflict of authority as to whether the statutory direction to apportion "taxes" applies to penalty interest (28 Am.Jur., Inheritance, Estate and Gift Taxes, § 547, p. 387; Note 37 A.L.R.2d 199, 238-240), it is clear that it has never been held that the entire burden of such penalties and interest should fall upon the donees, who, under federal and state law, were not required to pay this tax in the first instance if the donor's estate contained sufficient assets to pay it.

No issue was presented to the court below and no showing

was made which would support an order surcharging the executor for such payments; but, even if such issue had been presented and decided, it would not suffice to sustain an order imposing this liability upon the several donees herein.

A similar result is required as to that portion of the subject order relating to California gift taxes. Section 15901 of the Revenue and Taxation Code provides: "Both the donor and the donee of a gift are personally liable for the tax imposed by this part. *The donor, however, is primarily liable for the tax.*" (Italics added.) Regulation 15901 of title 18 of the California Administrative Code provides: "If a donor or donee dies before he pays the gift tax, *his estate shall pay the tax.*" (Italics added.)

Where the gift is one made in contemplation of death, it is a transfer that is also subject to an inheritance tax (Rev. & Tax. Code, § 13642), and the transferee is liable for the payment thereof. (Rev. & Tax. Code, § 14101, subd. (b).) Since the probate court has been given the power to determine "all questions relative to any [inheritance] tax" (Rev. & Tax. Code, § 14651), and in instances where the donor has died, the Controller may waive *even the filing of a gift tax return* (Rev. & Tax. Code, §§ 15653, 15655), it would appear that the Legislature has given the court ample authority to carry out "the fundamental public policy of this state that taxes . . . should be prorated." (*Estate of Armstrong, supra,* 56 Cal.2d at p. 800.)

Nevertheless, the present order cannot be sustained as to the California taxes since, so far as the record reveals, no determination has yet been made as to the amount of the inheritance tax due by reason of the questioned gifts made in contemplation of death. That is, since the gift tax, considered as a tax separate and distinct from the inheritance tax, is primarily the liability of the donor and his estate, it would appear equally inequitable to require the donees to pay the full gift tax personally in the event it should be determined that such tax exceeded the inheritance tax chargeable to these properties. Certainly no reason whatsoever is suggested for charging the donees alone with the penalties and interest thereon.

The order is reversed.

Roth, P. J., and Fleming, J., concurred.