[Civ. No. 50335. First Dist., Div. One. Aug. 24, 1981.]

Estate of TYE ON LOCK, Deceased.
FRANK SAM LOCK, as Executor, etc., Petitioner and Appellant, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Objector and Respondent;
LOCK WING LENG et al., Claimants and Respondents.

894

COUNSEL

James C. Fong and Wayne M. Collins for Petitioner and Appellant.

George Agnost, City Attorney, and John J. Doherty, Deputy City Attorney, for Objector and Respondent.

No appearance for Claimants and Respondents.

OPINION

**NEWSOM, J.**—This is an appeal by the executor of the estate of Tye On Lock, decedent, from a trial court order denying his petition for set-

tlement of the estate account and distribution. The pertinent facts are not in dispute, and are summarized as follows.

In 1961, Tye On Lock made *inter vivos* gifts by deed of two parcels of improved real property to his two sons, each receiving one of the parcels. During decedent's lifetime, neither he nor the donees of the gifts either paid the gift taxes or reported the gifts for tax purposes. Appellant was one of the donees of the gifts.

Tye On Lock died on July 1, 1971, in the British Crown Colony of Hong Kong, being on that date a resident of Hong Kong, but leaving property in the City and County of San Francisco subject to distribution therein. Decedent's last will and testament named Frank Sam Lock, his second son and appellant herein, as executor.

Appellant filed a "Petition for Probate of Will and for Letters Testamentary" on September 10, 1971. Decedent's will was admitted to probate on October 7, 1971, and on that date appellant was duly appointed executor.

On November 13, 1979, appellant submitted a "First and Final Account and Petition for Executor for Final Distribution." The petition requested, pursuant to decedent's will, that a one-third share of the estate be distributed to both appellant and Lock Wing Leng—a minor son of decedent who had not been named a donee of the *inter vivos* gifts transferred by decedent in 1961[1]—with lesser shares to be distributed to three grandchildren of decedent. The petition also included, as attachments, the following: (1) a report of disbursements during the account period showing a total of $39,009.69 paid by the executor for state and federal gift taxes and accounting fees pertinent thereto, and (2) a declaration by counsel for appellant which stated that "the gift taxes were paid because decedent had made *inter vivos* gifts in 1961 by deeds, . . ." and further that the "donor is primarily liable for the taxes."

After a hearing on the petition, the court rendered a "Decision" on January 4, 1980, denying appellant's petition for distribution and settlement of the account. Specifically, the court disallowed payment of the gift taxes by the estate, citing the following reasons: (1) the executor failed to disclose the gifts or pay the California and federal gift taxes

---

[1]Lock Wing Leng is no longer a minor, having attained the age of majority on November 22, 1980.

and accompanying fees (including interest and penalties) until seven years after his appointment, thereby causing accrual of substantial interest and penalties; and (2) since the donees (including appellant) were responsible for payment of the taxes, to charge them against the decedent's estate would be prejudicial to the interest of the estate beneficiaries who were not the objects of the gifts. On its own motion, the court filed a "Correction to Intended Decision" on November 6, 1980, correcting a typist's error in the amount of the tax disbursements disallowed in the "Decision," and directing counsel for appellant to prepare "findings and form of Judgment in accordance with intended decision of January 4, 1980 as herein corrected." Appeal was taken from the decision of January 4.

Before considering the substantive issues raised here, we must deal with respondent's claim that the instant appeal should be dismissed because the trial court's "Decision" of January 4, 1980, is not a final, appealable judgment. Respondent submits that the "Decision" is not an order, but merely a statement expressing the court's disapproval of the executor's petition for settlement of account and final distribution. Thus, respondent argues, appellant's notice of appeal, filed February 7, 1980, was premature. In support of this contention, respondent cites rule 232 of the California Rules of Court, which states, in pertinent part: "The announcement of intended decision shall not constitute a judgment and shall not be binding on the court."

■ As respondent suggests, pursuant to rule 232, an oral or written intended decision of the court is not generally considered a final judgment. (*Kinney* v. *Vaccari* (1980) 27 Cal.3d 348, 357 [165 Cal.Rptr. 787, 612 P.2d 877]; *Ripani* v. *Liberty Loan Corp.* (1979) 95 Cal.App. 3d 603, 614 [157 Cal.Rptr. 272]; *Dairyman's Cooperative Creamery Assn.* v. *Leipold* (1973) 34 Cal.App.3d 184, 188 [109 Cal.Rptr. 753].) However, it is well settled that the substance or effect of the judgment and not its designation is determinative of its finality. A memorandum of decision may be treated as an appealable order or judgment when it is signed and filed, and when it constitutes the trial judge's determination on the merits. (*Safeway Stores, Inc.* v. *Brotherhood of Teamsters* (1978) 83 Cal.App.3d 430, 434, fn. 1 [147 Cal.Rptr. 835]; *People* v. *Kozden* (1974) 36 Cal.App.3d 918, 920 [111 Cal.Rptr. 826]; *Martino* v. *Concord Community Hosp. Dist.* (1965) 233 Cal.App.2d 51, 55-56 [43 Cal.Rptr. 255]; *Maxwell* v. *Perkins* (1953) 116 Cal.App.2d 752, 757 [255 P.2d 10].)

In *Estate of Conroy* (1977) 67 Cal.App.3d 734 [136 Cal.Rptr. 807], the probate court signed and filed a document entitled "Decision," which, after specifying the judge's reasons therefor, stated, "'The amended Report of the Inheritance Tax Referee is hereby approved.'" (*Id.*, p. 737, fn. 1.) In ruling that the "Decision" was appealable, the court reasoned: "'. . . since no particular language is requisite for an order, a trial judge's written statement of his views on the law and the proper decision may be treated as an order when signed and filed and when it constitutes his final determination of the merits.' [Citation.] The use of the phrase 'is hereby approved' would clearly indicate that the document entitled 'Decision' was intended to be a final determination on the merits and therefore an order and should be treated as such although not properly labeled." (*Id.* at p. 737.)

Similarly, though denominated a "Decision," the trial court's ruling here is in effect a final judgment. It declares that, "Settlement of the account and petition for distribution are denied . . ." and further that the gift tax disbursements in the account "are disallowed." The "Decision" was filed on January 7, 1980, and entered by the clerk on January 8, 1980. By its terms, the decision constitutes a final determination on the petition and contemplates no further judicial action to give it vitality as an order. It is couched in terms of an order, as signed, filed and entered: in our view, it should be treated as final and appealable, notwithstanding its label. (*Estate of Conroy, supra*, 67 Cal.App.3d 734, 737, fn. 1; *People* v. *Kozden, supra*, 36 Cal.App.3d 918, 920; *Hoffman* v. *Municipal Court* (1970) 3 Cal.App.3d 621, 623, fn. 1 [83 Cal.Rptr. 747];[2] *Martino* v. *Concord Community Hosp. Dist., supra*, 233 Cal. App.2d 51, 56;[3] *Estate of Spence* (1943) 57 Cal.App.2d 922, 925 [135 P.2d 419] (ruling as final and appealable an "Order and Opinion on Petition to Construe Will"); *Gulf Mail Co.* v. *W. A. Hammond Co.* (1924) 67 Cal.App. 420, 423 [277 P. 938].)[4]

---

[2]In *Hoffman*, an "Announcement of Decision" was treated as an appealable order because it contained language denying a petition for writ of prohibition, ordered a temporary restraining order to remain in effect, and was not followed by any more formal decision.

[3]Appeal was allowed from a "Memorandum of Decision," which found that plaintiff had failed to exhaust the administrative remedies provided in the bylaws of the hospital district and the medical staff, and ordering that the writ of mandate and preliminary injunction prayed for be denied, in *Martino* v. *Concord Community Hosp. Dist., supra*.

[4]In *Gulf Mail Co., supra*, the trial judge signed an "opinion" which concluded: "'I am constrained to grant defendant's motion for a new trial . . ., and it is so ordered.'" (*Id.*, at p. 423.) In commenting upon the effect of this "opinion" the court stated: "An examination of this so-called 'opinion' convinces us that it rises to the dignity of a writ-

Respondent insists that the "Correction to Intended Decision" filed on November 6, 1980, reveals that the trial court did not intend its "Decision" to be a final judgment, noting that, in addition to correcting a typographical error, the document requested the executor to prepare "findings and form of Judgment. . . ."

However, the amendment merely corrected a clerical error, an action which the court was at liberty to take even if the earlier decision were deemed a final judgment. (*People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 13 [109 Cal.Rptr. 627].) Moreover, the correction was issued after appellant filed notice of appeal, and long after the court made and entered its "Decision" phrased in terms of a final judgment. Appellant was entitled to rely upon this ruling and appeal from it as a final judgment. We thus conclude that the instant appeal should not be dismissed as premature, and proceed to the merits.[5]

Appellant argues that the trial court improperly construed section 15901 of the Revenue and Taxation Code, title 18, California Administrative Code, section 15901.1, and other pertinent statutes and regulations, in ruling that the donees of the gifts were chargeable with payment of the gift taxes not paid by the decedent-donor during his lifetime. It is appellant's position that the statutory scheme places the primary tax liability upon the donor of the gifts, or the estate in the event of the donor's death.

California statutory law does not specifically direct which party—the donee of the gift or the donor's estate—is to be held responsible for payment of gift taxes not paid during the life of the donor. However, section 15901 places primary gift tax liability on the donor; it provides: "Both the donor and the donee of a gift are personally liable for the tax imposed by this part. The donor, however, is primarily liable for the tax." Title 18, California Administrative Code, section 15901, expounds upon the code section slightly, by stating: "Both the donor and the donee of a gift are personally liable for any gift tax due. The donor is

---

ten order signed and filed by the trial judge; while it contains language giving the reasons of the trial judge for making the order, . . . it shows indubitably that the motion for a new trial was granted . . . ." (*Id.*, at p. 423.)

[5]We note that the trial court's order denying final distribution of the estate and settlement of the executor's account, once deemed final, is clearly appealable pursuant to Probate Code section 1240, subdivisions (k), (o) and (p). (*Estate of Smead* (1932) 215 Cal. 439, 441 [10 P.2d 462]; *Estate of Tischler* (1971) 20 Cal.App.3d 137, 140 [97 Cal.Rptr. 510]; *Estate of Meyer* (1966) 241 Cal.App.2d 747, 750 [51 Cal.Rptr. 72].)

primarily liable; however, the Controller may proceed directly against the donee for payment if, for any reason, the tax is not paid by the donor." Title 18, California Administrative Code section 15901.1 further provides: "If a donor or donee dies before he pays the gift tax, his estate shall pay the tax."

The federal gift tax scheme is roughly analogous. Section 2501 of the Internal Revenue Code sets the gift tax. Section 2502, subdivision (d) of the code (26 U.S.C.A. § 2502(d)) directs: "The tax imposed by section 2501 shall be paid by the donor." Section 25.2502-2 of the accompanying Code of Federal Regulations pertains more specifically to the problem presented here; it states, in relevant part: "Section 2502(d) provides that the donor shall pay the tax. If the donor dies before the tax is paid the amount of the tax is a debt due the United States from the decedent's estate and his executor or administrator is responsible for its payment out of the estate." (26 C.F.R. § 25.2502-2.)

█ The primary gift tax liability under both California and federal statutes thus rests with the donor or the donor's estate. (*Estate of Cummings* (1965) 236 Cal.App.2d 659, 666 [46 Cal.Rptr. 491], (*Cummings I*).) This is so because the gift tax is not imposed upon the receipt of property by the donee; rather, it is an excise upon the donor's act of making the transfer. (Cf. *Sheaffer's Estate* v. *C.I.R.* (8th Cir. 1963) 313 F.2d 738, 741; *Helvering* v. *Robinette* (3d Cir. 1942) 129 F.2d 832, 834;[6] *Cummings I, supra,* at p. 663.) Quoting from the Guide to Internal Revenue Code (26 U.S.C.A. §§ 2001-4000), the court in *Cummings I, supra,* at page 663, stated: "'The Federal gift tax is a levy imposed upon the gratuitous *inter vivos* transfer of property by individuals. This tax is intended to prevent or counteract avoidance of the estate and income taxes. In certain instances, however, the gift and estate taxes overlap. *Thus, a transfer may be sufficiently complete to subject the transferor to gift taxation and yet, because of its inherent testamentary nature, be subject to estate tax on the transferor's demise.* The impact of both gift and estate taxes in such cases is lessened by the device of allowing the gift tax, subject to certain limitations.' (Italics added.)"

Because the gift tax is primarily chargeable to the donor or to donor's estate, the most appropriate interpretation of the statutory scheme is

---

[6]"Since the California law is derived from federal gift tax law, authorities pertaining to federal law are relevant." (*Stewart* v. *State of California* (1970) 8 Cal.App.3d 449, 452 [87 Cal.Rptr. 672].)

that the donees are responsible for payment of the tax only if it is not paid by the party primarily liable—the donor. As concluded in *Sheaffer's Estate, supra*, 313 F.2d 738, 741: "An examination of the controlling gift tax statutes and the cases interpreting them leads us to the inescapable conclusion that the liability for payment of the tax is in the first instance that of the donor, and the donee does not become liable unless the donor fails to make payment on the tax by the 15th day of March following the close of the calendar year. See Mississippi Valley Trust Co. v. Commissioner, 8 Cir. 147 F.2d 186 (1945), and Fletcher Trust Co. v. Commissioner, 7 Cir. 141 F.2d 36 (1944), cert. denied, 323 U.S. 711, 65 S.Ct. 36, 89 L.Ed. 572 (1944)."

Such a conclusion is buttressed by reference to California code sections which provide for the filing of gift tax returns. Section 15651 of the California Revenue and Taxation Code directs that: "Every donor making any gifts ... shall file a gift return with the Controller on or before the 15th day of the second month following the close of the calendar quarter in which he makes a gift." The donee of a gift is required to file a return only if so directed by the Controller. (Rev. & Tax. Code, § 15671.) Thus, the Controller may seek payment from either party, but it is clearly contemplated that the tax is chargeable to the donee only if payment cannot be exacted from the donor.

Respondent asserts that section 15901 and its accompanying Administrative Code regulations merely refer to the obligation of donors and donees vis-á-vis the government; that as between the donor's estate and the donees the intent of the donor-testator controls.

In support of this proposition, respondent cites *Estate of Cummings* (1968) 263 Cal.App.2d 661 [69 Cal.Rptr. 792] (*Cummings II*), in which the court ruled that taxes paid by the decedent's estate on gifts made by the decedent-donor in contemplation of death were subject to proration pursuant to the California proration statutes. (Prob. Code, § 970 et seq.)[7] In accordance with the objective of the proration statu-

---

[7] In *Cummings I, supra*, the court assumed "that when the ultimate estate tax payable by this estate has been determined and paid, the executor may recover from the donees of the gifts made in contemplation of death a sum equal to that portion of the total estate taxes that resulted from the making of such gifts. (Cf. Prob. Code, § 975.)" (*Estate of Cummings, supra*, 236 Cal.App.2d 659, 662.) However, the court refused to prorate the taxes because they had not yet been computed or assessed by the taxing authorities. (*Id.*, at pp. 661-662.) In *Cummings II*, the gift and estate taxes had been fixed, so that proration was considered appropriate.

tes—""that the federal estate tax is intended, in the absence of an expression to the contrary, to be levied, for state inheritance tax purposes, in accordance with the benefit that a person interested receives from the estate . . ."" (*Id.*, at p. 668)—the court concluded that the tax liability should be prorated so that each donee would be responsible for his equitable proportion thereof, notwithstanding a clause in the donor-testator's will which directed the executor to pay all expenses and taxes from the residue of the estate. (*Id.*, at p. 669.)

Respondent insists that a like result is compelled here because the decedent's will similarly contains no specific provision dictating the payment of gift taxes by the estate. But this argument ignores an important factor which distinguishes the present case from *Cummings II.*

In *Cummings II*, the proration statutes were applicable because the gifts were made in contemplation of death and, therefore, were included in the estate for estate tax purposes. Thus, pursuant to Probate Code section 975, the taxes were specifically subject to proration. (*Estate of Cummings, supra*, 263 Cal.App.2d 661, 667.)[8]

In the present case, the gifts were not made in contemplation of death; no federal estate taxes were assessed for the gifts. For that reason, proration is inappropriate. The California proration statutes (Prob. Code, §§ 970-977) provide for proration of *federal estate taxes* among beneficiaries of an estate. (*Estate of Carley* (1979) 90 Cal.App.3d 582, 585 [153 Cal.Rptr. 528]; *Estate of McLaughlin* (1966) 243 Cal.App.2d 516, 518 [52 Cal.Rptr. 543].) For example, section 970 directs proration "Whenever it appears upon any accounting, or in any appropriate action or proceeding, that an executor, administrator, trustee or other fiduciary has paid an *estate tax* to the *Federal Government* under the provisions of any *Federal estate tax law,* . . . ." (Italics added.) Section 975, relied upon by the court in *Cummings II, supra,* (263 Cal.App.2d 661), similarly pertains to "any property required to be included in the *gross estate* . . . ." (Italics added.)

---

[8]Section 975 provides: "In all cases in which any property required to be included in the gross estate does not come into the possession of the executor or administrator, he shall be entitled, and it shall be his duty, to recover from whomever is in possession, or from the persons interested in the estate, the proportionate amount of the tax payable by the persons interested in the estate with which such persons interested in the estate are chargeable under the provisions of this article, and the probate court may by order direct the payment of such amount of tax by such persons to the executor or administrator."

■ Proration is not proper here, as the gifts in question were not made in contemplation of death or otherwise included in decedent's gross estate for federal estate tax purposes. Instead, the gift taxes were due and owing during the decedent's lifetime, and are more appropriately considered as debts of the estate, to be charged against the estate in accordance with the dictates of Probate Code section 750.[9] As the court recognized in *Cummings I, supra,* "the liability for gift taxes is a debt of the deceased donor payable by his estate." (236 Cal.App.2d 659, 661.)

Thus, we conclude that the trial court erred in ruling that the donees of the *inter vivos* gifts were chargeable with the unpaid gift taxes. Under the statutory scheme, the donor's estate is primarily responsible for such gift tax burden.

■ However, notwithstanding our conclusion that a decedent's estate is generally liable for unpaid gift taxes, we uphold the trial court's order denying appellant's petition for settlement of the account and final distribution on the ground that the negligence of the executor in failing to promptly pay the gift taxes resulted in penalties and interest, which, if the estate were compelled to pay, would prejudice the estate beneficiaries.

■ In ruling upon a petition for settlement of an executor's account or final distribution of an estate, the probate court is vested with broad jurisdiction which will not be disturbed on appeal except when abused. (*Estate of Fraysher* (1956) 47 Cal.2d 131, 136 [301 P.2d 848]; *Estate of Lindauer* (1942) 53 Cal.App.2d 160, 165 [127 P.2d 589].) Here, the trial court ruled that the petition could not be granted in the absence of an allocation of that amount of the disbursements representing the tax penalties and interest chargeable against the executor. The court did not abuse its discretion in so ruling.

---

[9]Section 750 provides: "If the testator makes provision by his will, or designates the estate to be appropriated, for the payment of his debts, the expenses of administration, or family allowance, they must be paid according to such provision or out of the estate thus appropriated, so far as the same is sufficient. If insufficient, that portion of the estate not disposed of by the will, if any, must be appropriated for that purpose; and if that is not sufficient, the property given to residuary legatees and devisees, and thereafter all other property devised and bequeathed is liable for the same, in proportion to the value or amount of the several devises and legacies, but specific devises and legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator, and there is other sufficient estate."

■ "[A]n executor has the duty to preserve the estate's property by paying taxes legally imposed when there is sufficient money on hand for that purpose. (*Estate of MacMillan*, 43 Cal.2d 437, 447 . . .; *County of Los Angeles* v. *Morrison*, 15 Cal.2d 368, 372 . . . .)" (*Estate of Harvey* (1964) 224 Cal.App.2d 555, 557 [36 Cal.Rptr. 788].) It is proper to surcharge a negligent executor for losses suffered by an estate due to penalties or interest paid on delinquent taxes, or to deny settlement of an executor's account or final distribution in the absence of such a surcharge. (*In re Herteman* (1887) 73 Cal. 545, 546 [15 P. 121]; *Estate of Gerber* (1977) 73 Cal.App.3d 96, 113-114 [140 Cal.Rptr. 577]; *Estate of Harvey, supra*, at pp. 557-558.)

■ Here, appellant was appointed executor in October 1971. Although it appears that at all times the estate had sufficient funds to pay the gift taxes, the gifts were not disclosed until appellant filed IT-22 forms in this proceeding in 1978, and appellant has offered no explanation for this nonfeasance. During the period of delinquency, interest on the taxes accrued at a rate of 7 percent per annum prior to 1970, and 12 percent per annum thereafter. (Rev. & Tax. Code, § 15961.)[10]

Substantial evidence supports the finding that negligent inaction by appellant proximately caused a gift tax delinquency and resulted in accrued interest.[11] (*Estate of Gerber, supra*, 73 Cal.App.3d 96, 114; *Estate of Harvey, supra*, 224 Cal.App.2d 555, 558.) Appellant therefore should be surcharged for the interest attributable to his nonfeasance. (*Estate of Gerber, supra*, at p. 114.) Based upon the failure of the petition to account for the interest which accrued during the period in which appellant negligently failed to pay the gift taxes, and surcharge the executor for that sum, we conclude that the trial court properly exercised its discretion in denying settlement of the account and final distribution of the estate. (*Estate of Harvey, supra*, at p. 558.)

---

[10]Failure to timely file a gift tax return also results in "a penalty equal to 5 percent of the tax on the transfers . . . ." (Rev. & Tax. Code, § 15681.) Since the original delinquency and penalty was caused by the decedent rather than the executor, appellant should not be surcharged for the penalty. However, title 18, California Administrative Code, section 15961, subdivision (e) specifies that: "In any case of a delinquency, the interest is computed upon the amount of the delinquent tax plus any penalties accrued."

[11]On this point we distinguish the recent decision of this court in *Estate of Lagios* (1981) 118 Cal.App.3d 459 [173 Cal.Rptr. 506], in which it was held that surcharges could not be imposed upon an executor in the absence of "competent proof" that certain debts were rendered uncollectable due to the executor's omission or misconduct. (*Id.*, at pp. 464-465.) Here, the executor had the clear duty and ability to pay the gift taxes, but did not, with the result that interest accured on the tax.

The judgment is affirmed and the action is remanded to the trial court for further proceedings consistent with the views expressed herein.

Racanelli, P. J., and Elkington, J., concurred.