[No. 10,575.—In Bank.]
January 29, 1881.

## EX PARTE THOMAS K. FOLEY.

CRIMINAL COMPLAINT.—The petitioner was convicted under Section 415 of the Penal Code, upon a complaint charging that at a time and place specified "the said T. K. Foley * * * did use vulgar and indecent language within the hearing of children, in a loud and boisterous manner, willfully and unlawfully, all of which is contrary to the form of the statute," etc.; and upon an application for a discharge upon *habeas corpus*, it was urged that the judgment was void, because the language alleged to be profane and obscene was not recited in the complaint, and also that the offense which the complaint attempts to charge can only be committed on the public streets of an "unincorporated town." *Held:* That neither objection was tenable.

APPLICATION for writ of *habeas corpus*.

*Julius Lee* and *J. M. Lesser*, for Petitioner.

McKINSTRY, J.:

The petitioner was brought before the Court in Bank, upon

*habeas corpus*, and after hearing was remanded to custody. He prayed to be discharged on the ground that the judgment under which he was held was invalid, for the reason that the complaint on which he was tried charged no offense.

The complaint charges that "defendant [petitioner], on the nineteenth day of October, 1880, at Watsonville, in the County of Santa Cruz, State of California, committed a misdemeanor, as follows, to wit: The said T. K. Foley, at the time and place aforesaid, did use vulgar and indecent language within the hearing of children, in a loud and boisterous manner, willfully and unlawfully, all of which is contrary to the form of the statute," etc.

Section 415 of the Penal Code is as follows: "Every person who maliciously and willfully disturbs the peace or quiet of any neighborhood or person, by loud or unusual noise, or by tumultuous or offensive conduct, or threatening, traducing, quarreling, challenging to fight, or fighting, or who, on the public streets of any unincorporated town, or upon the public highways in such unincorporated town, run any horse-race, either for a wager or amusement, or fire any gun or pistol in such unincorporated town, or use any vulgar, profane, or indecent language within the presence or hearing of women or children, in a loud and boisterous manner, is guilty of a misdemeanor, and upon conviction by any Court of competent jurisdiction, shall be punished by a fine not exceeding $200, or by imprisonment in the county jail for not more than ninety days, or by both fine and imprisonment, or either, at the discretion of the Court."

It was urged at the argument that the judgment was void because the language alleged to be profane and obscene was not recited in the complaint. It was also urged that the *locus* is a material element in the offense created by the statute; that the offense which the complaint attempts to charge can only be committed on the public streets of an "unincorporated town." Counsel for petitioner relied on *Ex parte Kearney*, 55 Cal. 212, as authority for both these positions.

In *Ex parte Kearney*, 55 Cal. 212, this Court (after suggesting objections to the validity of a certain ordinance) held that the petitioner was entitled to his discharge, because it affirmatively appeared upon the record of the Police Court that he

had been tried and sentenced to be imprisoned for doing an act which was neither a violation of the ordinance nor of any law or statute of the state. He was not tried for a violation of an ordinance prohibiting the use of bawdy, lewd, obscene, or profane words. That charge had been made against him, but it was expressly dismissed in the Police Court. He was tried for having violated an ordinance which made it a misdemeanor for one to "address to another, or utter in the presence of another, words, language, or expressions having a tendency to create a breach of the peace." The complaint not only failed to show that the person was present of whom the words were spoken, or that they were addressed to him, but showed affirmatively that the words were not addressed to such person, and that he was not present. No like objection can be made to the complaint on which the present petitioner was tried and convicted. An offense is distinctly charged in the complaint, and is described in the language of the statute—which is ordinarily sufficient. (1 Bish. Cr. Prac. 359, and cases cited.) Even if it should be admitted—and we do not admit it—that it would have been better pleading to have recited the words, the objection to the omission should have been specially taken, and the failure to recite the words did not render the judgment void.

But we do not understand Section 415 of the Penal Code to provide for the punishment of "vulgar, profane, or indecent language, within the presence or hearing of women or children, in a loud and boisterous manner," only where such language is thus used "on the streets of an unincorporated town."

The statute enumerates several different acts, some of which are declared to be misdemeanors if done in an unincorporated town, and the rest of which are made misdemeanors if done anywhere. Each of the acts made a misdemeanor in case only it is committed within an unincorporated town, is specifically declared to be a misdemeanor if done in such town. Thus: * * * "Or who, on the public streets of any unincorporated town, or upon the public highways of such unincorporated town, run any horse-race, either for a wager or for amusement, or fire any gun or pistol in such unincorporated town." The other offenses defined in the section are not di-

rectly connected with the words "unincorporated town," and
the definition of such other offense is complete without the
element of locality.   The purpose of the statute is made still
more apparent by the very nature of the acts prohibited in a
"town," or (the sense in which the word is used in the stat-
ute) collection of dwellings such as constitutes a village (un-
incorporated).   There seems sufficient reason why a horse-
race "for amusement," or the firing of a gun or pistol, should
be made a criminal offense in such an assemblage of houses
and inhabitants, while, in the absence of unmistakable lan-
guage to that effect, it will not be presumed that it was the
intention of the Legislature to subject a citizen who shall
discharge a fire-arm anywhere within the borders of the State
to imprisonment in the county jail for "firing a gun."   The
same section very wisely, however, makes it a violation of
the criminal law "to fight," or "to use vulgar, profane, or in-
decent language in the presence of women and children, in a
loud and boisterous manner," within and without a "town."

MORRISON, C. J., and ROSS, THORNTON, and SHARPSTEIN, JJ.,
concurred.

MYRICK, J., concurred in the judgment.