[Crim. Nos. 2161–2170. In Bank.—April 26, 1918.]

In the Matter of the Applications of WILLIAM C. DEUSING et al., for Writs of Habeas Corpus.

CRIMINAL LAW—DISTURBANCE OF PEACE—SUFFICIENCY OF COMPLAINT.—
    A complaint charging the offense of "disturbing the peace" in the language of the statute (section 415 of the Penal Code) is sufficient.

APPLICATION for Writs of Habeas Corpus.

The facts are stated in the opinion of the court.

Joseph P. Lacey, for Petitioner.

THE COURT.—These are applications for writs of *habeas corpus.* The petitioner in each case is held under a judgment pronounced upon a conviction in the police court of the city of Oakland of the crime known as disturbing the peace.

The judgment of the police court has been affirmed by the superior court of the county of Alameda. The sole ground of the applications for the writs is that the complaint in the police court wholly failed to state a public offense under the laws of the state of California.

The complaint in each case charged that the defendant did "in the City of Oakland and in the County of Alameda, and State of California, on or about the 24th day of February, A. D. 1918, and prior to the filing of this complaint, unlawfully, maliciously and willfully disturb the peace and quiet of N. B. Myran by loud and unusual noise and by tumultuous and offensive conduct, said and all of the acts of the said defendant in the premises were and are contrary to the statute in such cases made and provided, and against the peace and dignity of the people of the State of California."

We are of the opinion that it must be held that such a complaint states facts sufficient to constitute a public offense under section 415 of the Penal Code. To our minds, *Ex parte Foley,* 62 Cal. 508, is in point, and sustains our conclusion that it is sufficient to charge such an offense in the language of the statute.

In each of the above-entitled matters the application for a writ of *habeas corpus* is denied.