[Civ. No. 26302. First Dist., Div. Two. Jan. 20, 1970.]

ALEXANDER HOFFMAN, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE OAKLAND-PIEDMONT
JUDICIAL DISTRICT OF ALAMEDA COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

Paul N. Halvonik for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Horace Wheatley, Deputy Attorneys General, for Real Party in Interest and Respondent.

## OPINION

**SHOEMAKER, P. J.**—This is an appeal by Alexander Hoffman from an order[1] denying his petition for a writ of prohibition.

A complaint was filed in municipal court charging Hoffman with having committed three offenses. The first count alleged a violation of Penal Code, section 415, in that Hoffman did unlawfully, wilfully and maliciously disturb the peace and quiet of the neighborhood by "tumultuous and offensive conduct." The second count charged a violation of Penal Code, section 409, in that he remained present at the place of a riot, rout and unlawful assembly after having been lawfully warned to disperse. The third and final count charged a violation of Penal Code, section 647c, in that he unlawfully, wilfully and maliciously obstructed the free movement of persons on a public street and a sidewalk and place open to the public.

Hoffman demurred to all three counts of the complaint. As to the first

---

[1]The order appealed from is in fact labeled an "Announcement of Decision." However, it does contain language denying the petition for writ of prohibition and it "further ordered" that the temporary restraining order remain in effect for a specific period of time. The order was not followed by any more formal decision, and it was filed by the clerk. Under such circumstances, it would appear that the label of the order need not be deemed controlling and that it can properly be treated as final and appealable. (*Martino* v. *Concord Community Hospital Dist.* (1965) 233 Cal.App. 2d 51, 55-56 [43 Cal.Rptr. 255].)

count, he asserted that Penal Code, section 415, was unconstitutionally vague insofar as it purportedly made it a crime to engage in "tumultuous" or "offensive" conduct. With regard to the second count, he alleged that the term "unlawful assembly," as used in Penal Code, section 409, was unconstitutionally vague and overbroad; and he further asserted that the court ought to take judicial notice of the fact that he was an attorney and as such, a "public officer" to whom the statute was expressly made non-applicable. Hoffman's attack upon the third count of the complaint was based upon the contention that Penal Code, section 647c, could not constitutionally be applied to an attorney giving legal advice to his client. Hoffman also asserted that all three counts of the complaint were too broadly worded to apprise him of the precise conduct furnishing the basis for the three charges.

The demurrer was overruled.

Prior to the date upon which his municipal court trial was scheduled to commence, Hoffman filed in the superior court a verified petition for a writ of prohibition restraining the municipal court from doing any act other than dismissing the complaint against him. In his petition, Hoffman summarized the proceedings had in the municipal court and alleged that at the time of the three offenses with which he was charged, he was an attorney admitted to practice law in this state and was present in the area of the 1500 block of Clay Street in Oakland for the purpose of advising certain of his clients concerning their legal rights and responsibilities in connection with their activities at the location in question.

The superior court issued an alternative writ of prohibition and order to show cause why a peremptory writ should not be issued. The matter was thereafter submitted for decision on the basis of legal memoranda filed by counsel for the respective parties. On September 4, 1968, the court made its order denying Hoffman's petition for a peremptory writ of prohibition. However, the order also provided that the restraining order contained in the alternative writ should remain in full force and effect for a period of 60 days or until a notice of appeal was filed. Hoffman filed notice of appeal from the order denying him a peremptory writ of prohibition.

■ Appellant's first contention on appeal is that Penal Code, section 415, is unconstitutionally vague insofar as it prohibits "tumultuous" or "offensive" conduct and that it is an overbroad restraint upon rights of free speech and assembly. The recent decision in *People* v. *Cohen* (1969) 1 Cal.App.3d 94 [81 Cal.Rptr. 503],[2] disposes of this contention. In *Cohen,* the defendant was charged with both "tumultuous" and "offensive" conduct

---

[2] A petition for hearing was denied by the California Supreme Court on December 17, 1969, and the remittitur has since issued.

violative of Penal Code, section 415, but was convicted upon evidence showing only that he had engaged in "offensive" conduct. The appellate court, in affirming the conviction, held that the language of section 415 authorized a conviction upon a showing that a defendant was *either* offensive *or* tumultuous and further held that the term "offensive" was not unconstitutionally vague and that the prohibition of such conduct did not impose an overbroad restraint upon freedom of expression. The court based this holding upon the fact that section 415 was a codification of the existing common law crime of breach of the peace and, as judicially construed, prohibited only conduct which disturbed the peace and quiet by inciting violence or which tended to provoke others to violence or a breach of the peace. The court concluded that since the statute prohibited only "offensive" conduct which incited violence or had a tendency to incite others to violence or a breach of the peace, this standard made clear the nature of the forbidden conduct and eliminated prosecutions or convictions for conduct which was "merely offensive" (p. 101).

In the instant case, appellant was charged with both "offensive" and "tumultuous" conduct violative of section 415, and, since he has yet to be tried, it is conceivable that the evidence produced by the prosecution might establish that his conduct was "tumultuous" only and not "offensive." However, this possibility would appear to offer no valid ground for distinguishing the *Cohen* case, since it is clear that under the reasoning of that case, section 415 prohibits only "tumultuous" conduct which incites violence or tends to incite others to violence or a breach of the peace. When thus limited, "tumultuous" is obviously no less vague or overbroad a term than "offensive." The commonly accepted definition of "tumultuous" is "marked by tumult: full of commotion and uproar" (Webster's Third New Internat. Dict. (Unabr. 1965)). In enacting section 415, the Legislature clearly intended to prohibit such conduct only when it was provocative of violence or a breach of the peace.

■ Appellant next attacks Penal Code, section 409, on the similar ground that a portion of the statute is unconstitutionally vague and overbroad. Section 409 provides that "Every person remaining present at the place of any riot, rout, or unlawful assembly, after the same has been lawfully warned to disperse, except public officers and persons assisting them in attempting to disperse the same, is guilty of a misdemeanor." Appellant expressly concedes that he has no quarrel with that portion of the statute which prohibits an individual from remaining at the scene of a riot or rout. However, he does contend that the term "unlawful assembly," as defined in Penal Code, section 407, is both vague and overbroad. Section 407 provides that "Whenever two or more persons assemble together to do an unlawful act, and separate without doing or advancing toward it, or

do a lawful act in a violent, boisterous, or tumultuous manner, such assembly is an unlawful assemby." With regard to the first portion of section 407, appellant bases his attack upon the alleged vagueness of the term "unlawful act," asserting that men of ordinary intelligence would have no way of knowing what breach of the criminal or civil law might subject them to arrest or prosecution. Appellant further asserts that the Legislature cannot constitutionally prohibit an "assembly" for an unlawful purpose as long as it is limited to peaceable discussion and does not involve the commission of overt acts leading toward a violation of the law. With regard to the latter portion of section 407, appellant asserts that a prohibition of a "boisterous" or "tumultuous" assembly for lawful purposes is so all-encompassing that it could literally be applied to political campaigns, athletic events and various other events involving any sort of shouting or uproar. It follows, according to appellant, that that portion of the definition contained in section 407 imposes an overbroad restraint upon freedom of expression.

Appellant's contention that Penal Code, section 409, is unconstitutional insofar as it makes it a crime to remain at the scene of an assembly to commit an unlawful act after the same has been warned to disperse was directly dealt with in *In re Bacon* (1966) 240 Cal.App.2d 34 [49 Cal.Rptr. 322]. In *Bacon,* the appellants were convicted of violating section 409 upon evidence showing that they refused to leave a university building after they had been advised that the same was closed for the day and that those persons who remained would be guilty of unlawful assembly. Appellants were not charged under the riot or rout provisions of section 409, and the evidence against them failed to show that appellants had assembled to do a lawful act in a violent, boisterous or tumultuous manner. The court was thus directly and solely concerned with that portion of section 409 which prohibits one from remaining at the scene of an assembly to commit an unlawful act after the same has been ordered to disperse. The appellate court expressly held that section 409, "in declaring it unlawful to remain at the scene of a riot, rout or unlawful assembly after a warning to disperse, uses language which is clear and unambiguous," and that the statute is "sufficiently definite in [its] terms so that a person of ordinary understanding would know when he is violating their provisions" (p. 56). The court went on to hold that the application of the statute to the appellants had not deprived them of their rights of free speech, assembly and petition for redress of grievances (pp. 56-58).

■ With regard to appellant's attack upon Penal Code, section 409, insofar as it prohibits remaining at the scene of an assembly to commit a lawful act in a violent, boisterous or tumultuous manner, past judicial construction of the language in question leaves no doubt that the statute was never intended, as appellant suggests, to prohibit such innocent and

harmless activities as political campaigns and athletic events. In *People* v. *Kerrick* (1927) 86 Cal.App. 542, 551-552 [261 P. 756], the court commented upon certain jury instructions based upon the language of Penal Code, section 407. After pointing out that the statute was merely a reaffirmation of the common law, the court went on to state: "Not every meeting where violent, boisterous, and tumultuous conduct occurs may be denominated an unlawful assembly, even though that be the wording of the statute. It is particularly dangerous in a country where meetings are constantly held for every conceivable purpose, many of them accompanied with much noise and excitement, to lay down such a doctrine. At this time of the year in our country in almost every hamlet, and certainly in every city of any size, contests between the youth of schools and colleges are being staged which could not be characterized as anything other than violent, boisterous, and tumultuous. Yet the communities are not alarmed and the public peace is not endangered. No one would for a moment characterize high school or college football games as unlawful assemblies. The statute was intended to prevent 'any tumultuous disturbance of the public peace by' two or more persons 'having no avowed, ostensible, legal or constitutional object, assembled under such circumstances, and deporting themselves as to produce danger to the public peace and tranquility, and which excites terror, alarm and consternation in the neighborhood.' (*In re Charge to Grand Jury*, 4 Pa.L.J. 29.)"

In the light of the foregoing, it is apparent that appellant's attack upon the term "unlawful assembly," as used in Penal Code, section 409, must fail for the same reason as his attack upon the terms "tumultuous" and "offensive," as used in Penal Code, section 415. In accord with the reasoning of *People* v. *Cohen, supra*, the terms in question have a settled judicial construction which precludes them from being deemed unconstitutionally vague or overbroad.

Appellant next contends that Penal Code, section 409, is by its terms inapplicable to him because it excludes "public officers" from its coverage and appellant is a member of the bar who was counselling his clients at the time of his arrest. This argument is singularly lacking in merit.

Assuming *arguendo* that the allegations of appellant's verified petition for a writ of prohibition are sufficient to establish that he is in fact an attorney who was advising his clients at the time of his arrest, this fact clearly did not render him immune from prosecution under the statute. As pointed out in *Cammer* v. *United States* (1956) 350 U.S. 399, 405 [100 L.Ed. 474, 478, 76 S.Ct. 456], "The word 'officer' as it has always been applied to lawyers conveys quite a different meaning from the word 'officer' as applied to people serving as officers within the conventional meaning of that term." In *In re Galusha* (1921) 184 Cal. 697, 698 [195

P. 406], the court noted that while lawyers were in one sense officers of the court, they were in no sense officers of the state, and were persons engaged in a private profession pursued primarily for pecuniary profit. The two cases upon which appellant relies, *Townsend* v. *State Bar* (1930) 210 Cal. 362, 364-365 [291 P. 837], and *Pomeroy* v. *Collins* (1926) 198 Cal. 46, 69-70 [243 P. 657], are merely authority to the effect that an attorney is held to a high standard of care with regard to his duties toward his clients. These cases do not establish that appellant was a "public officer" within the meaning of section 409, and logic compels the conclusion that this could not have been the legislative intent behind the statute.

Appellant next contends that the criminal complaint filed in the municipal court was legally insufficient to apprise him of what conduct he was required to dispute or justify because the complaint was merely couched generally in the language of the three statutes which he was alleged to have violated. This argument is without merit, since it is entirely proper for an accusatory pleading to charge an offense in the language of the particular statute or statutes allegedly violated. (Pen. Code, § 952; *In re Deusing* (1918) 178 Cal. 205 [173 P. 930].)

Appellant's final contention is that Penal Code, section 647c, although unassailable on its face, cannot constitutionally be applied to an attorney in the act of advising his client. We do not agree. The complaint, as above noted, charged appellant with violating section 647c by unlawfully, wilfully and maliciously obstructing the free movement of persons on a public street and sidewalk and place open to the public. Business and Professions Code, section 6068, subdivision (a), imposes upon an attorney the duty to support the laws of this state, and rule 11 of the Rules of Professional Conduct of the State Bar of California (formulated in accordance with Business and Professions Code, section 6076) provides that an attorney shall not advise the violation of any law. In the instant case, since appellant has not yet proceeded to trial, it is impossible to know what the evidence will establish. If appellant deliberately obstructed the street or sidewalk for the purpose of advising his clients to commit an unlawful act, it would seem apparent that his status as an attorney would not render him immune from prosecution under the statute. If, on the other hand, he remained on the sidewalk or street solely in order to advise his clients that they should obey the commands of the police and forthwith leave the scene of the riot, rout or unlawful assembly, such a showing might well, as the People concede, constitute a valid defense against the charge. Yet a third possibility is that the evidence might show that no riot, rout or unlawful assembly was taking place, that appellant and his clients were entitled within the law to remain where they were and that he was properly so advising them. This third alternative, as well as the second, might well

constitute a valid defense to the charge of violating section 647c, since appellant obviously would lack the required wilfulness and malice.

In view of the above discussion and the lack, at this stage in the proceedings, of any evidence of the precise circumstances preceding appellant's arrest, it obviously cannot be said either that appellant could or could not be lawfully convicted of violating section 647c. The questions which he now seeks to raise are factual ones which he may properly raise at the trial in defense of the charge.

The order is affirmed.

Agee, J., and Taylor, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 1, 1970. Peters, J., and Tobriner, J., were of the opinion that the petition should be granted.