*Supp. 3 Opinion
COLE J.
In this matter, we affirm the judgments of conviction of three defendants, found guilty of violating Penal Code section 647c.[1]
Briefly put, the facts are that defendants were protesting the removal by the County of Los Angeles of certain trees from a public street. Each defendant, one at a time and acting in a completely peaceful manner, placed himself in a position intended to obstruct the operation of the machine employed to remove the trees. Prior to doing so, each defendant was advised by a deputy sheriff of the existence of section 647c and each indicated that he understood that if he were to stand in front of the machine used to remove the trees it would be a violation of law. Defendant Dickerson then placed himself in a position to obstruct the machine. He was requested by the sheriff to remove himself. When he did not, after a lapse of about two minutes, he was arrested. Similar events occurred first with defendant Hixon and then, after the arrest of Dickerson and Hixon, with defendant Man.
Defendants first make a series of arguments concerning the alleged constitutionality of section 647c. The arguments are misplaced. The “symbolic conduct” involved here is not free speech whose exercise is unconstitutionally impeded by the statute. Cox v. Louisiana (1965) 379 U.S. 536, 554-555 [13 L.Ed.2d 471, 483-484, 85 S.Ct. 453]; In re Bushman (1970) 1 Cal.3d 767, 773 [83 Cal.Rptr. 375, 463 P.2d 727]. Further, In re Cox (1970) 3 Cal.3d 205 [90 Cal.Rptr. 24, 474 P.2d 992] indicates that the statute is constitutional. At issue there was a municipal ordinance which by its language made it an offense for persons to remain upon private property and business premises after being notified by the person in charge to remove themselves therefrom. The ordinance had an exception, “Where its application would result in an interference with or inhibition of any other exercise of a constitutionally protected right of freedom of speech . . . not involving offensive personal conduct.” (Id. at p. 210, fn. 2) The Supreme Court stated that it construed the “ordinance’s somewhat vague prohibition of ‘offensive personal conduct’ to coincide exactly with those offenses punishable under Penal Code section 647c (obstruction of street, sidewalk, or other public area) . . .” and that “[t]his *Supp. 4 necessarily narrowing construction preserves the constitutionality of the ordinance . . (3 Cal.3d 205, id. at p. 220, fn. 18).
Defendants also urge that the county was acting illegally in removing the trees because of an alleged failure to file an environmental impact report required by the California Environmental Quality Act (Pub. Resources Code, § 21000 et seq.). It has not been proven that the county was in violation of the Environmental Quality Act and, even if that were the case, the application of the act is not relevant to the inquiry here. Citizens have no right to take the law into their own hands in these circumstances and violate criminal statutes.
The record shows that the People indicated that they did not doubt the “good intentions” of each of the defendants in interfering with the actions of the machine. Since the statute refers to acts done “willfully and maliciously,” defendants urge that it was prejudicial error to instruct the jury that the word “malice” denoted nothing more than a deliberate and intentional obstruction of street or sidewalk. Defendants argue that “something more than an intention to do the thing afterwards pronounced as wrong is necessary to constitute malice.” Thus, defendants contend that section 647c requires proof of a specific intent. We do not agree.
Penal Code section 7 states:
“The following words have in this code- the significance attached to them in this section, unless otherwise apparent from the context:
“1. The word ‘willfully,’ when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage;
“4. The words ‘malice’ and ‘maliciously’ import a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, established either by proof or presumption of law;
The instructions given by the trial court[2] complied with the statute. *Supp. 5 These instructions comported with the use of the words “willfully” and “maliciously” as they appear in section 647c. There is nothing “otherwise apparent from the context” of section 647c to indicate that the words should be defined in a manner other than as provided in section 7 quoted above. Defendants rely on People v. Goodin (1902) 136 Cal. 455 [69 P. 85] and Hoffman v. Municipal Court (1970) 3 Cal.App.3d 621, 628-629 [83 Cal.Rptr. 747, 752-753]. Goodin held that a defendant charged with maliciously injuring a highway was not guilty if he had a bona fide mistaken belief or ignorance of the law since “it is the criminal mind and purpose going with the act which distinguishes a criminal trespass from a mere civil injury.” What was involved there, in reality, was a mistake of fact as to whether a highway had been abandoned. Properly read, therefore, the defendant in Goodin had a defense under subdivision Four of Penal Code section 26 since he committed the act in question under a “mistake of fact, which disproves any criminal intent.” (Italics added.)
Hoffman indicates that the reason a defendant is present on a sidewalk which he is accused of obstructing, if it is a lawful reason, “might well constitute a valid defense to the charge of violating section 647c, since [defendant] obviously would lack the required willfulness and malice.” Hoffman also states, however, that questions as to the reasons a defendant was present on a sidewalk or street “are factual ones” to be raised at the trial and defense of the charge (id. at pp. 628-629).
The reasons for each defendant’s conduct in the instant case were fully explored at trial. It was made crystal clear that each defendant, with full advance warning and notice that his persistence would result in an arrest, nevertheless acted deliberately and with full intent to block the machine. The jury could only find that each of them acted with the required willfulness and malice. The instructions accurately presented the issues to the jury.
The judgments are affirmed.
Holmes, Acting P. J., concurred.

The statute reads as follows: “Every person who willfully and maliciously obstructs the free movement of any person on any street, sidewalk, or other public place or on or in any place open to the public is guilty of a misdemeanor.
“Nothing in this section affects the power of a county or a city to regulate conduct upon a street, sidewalk, or other public place or on or in a place open to the public.”

“[To constitute the offense charged against the defendant, there must be a joint operation of act or conduct and criminal intent.
“When a person intentionally does that which the law declares to be an offense, *Supp. 5 he is acting with criminal intent, even though he may not know that his conduct is unlawful, or even though he may not intend to violate the law.]”
“The words ‘malice’ and ‘maliciously’ mean a wish to vex, annoy or injure another person, or an intent to do a wrongful act.
“You Are Instructed That obstruction of street or sidewalk doesn’t require a specific mental state. The word malice as used in this offense denotes nothing more than a deliberate and intentional obstruction of street or sidewalk.”